JESSE MENDENHALL CHAMBERS, Trustee, *vs.* SUSAN T. JONES and JAMES T. JONES, Mortgagors and Terre Tenants.

*Writ of Possession—Service.*

Compliance with the statutory requirement of service, two full days before the return, of a rule to show cause why a writ of possession should not issue, is necessary, and, if not done, an *alias* writ will issue.

(*February 19, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John P. Nields* for plaintiff.

Superior Court, New Castle County, February Term, 1898. On February 15, 1898, petition and affidavit of the plaintiff filed, and on motion of plaintiff's attorney, a rule was granted upon the defendants to show cause why a writ of possession should not issue returnable on Saturday, the nineteenth day of February, 1898, at ten o'clock a. m. The above mentioned rule was issued on the sixteenth day of February, upon which the Sheriff made the following return : " The within rule executed by summoning Susan T. Jones and James T. Jones personally to show cause February 17, 1898."

On the nineteenth day of February, the day to which said rule. was returnable, John P. Nields, attorney for plaintiffs, asked that the time for defendants in said rule to appear be extended, because there had been but one full day's service prior to that time.

LORE, C. J :—The statute says that such rule shall be served at least two full days before the return thereof. It is no service unless you comply with the terms of the statute.

An *alias* writ was then asked for by Mr. Nields and granted by the Court.