EMILY VON DE PLACE ET AL., RELATORS, v. JOHN I. WELLER.

Submitted July 26, 1899—Decided November 13, 1899.

In the computation of the time within which the requirement of a statute is to be complied with, where the last day falls upon a Sunday or a legal holiday, and the act is to be done by the court, and not by the party, it may be done upon the earliest succeeding day on which the court can perform the duty imposed upon it.

On application for *mandamus.*

Before Justices DEPUE, GUMMERE and LUDLOW.

For the relators, *William D. Daly.*

For the defendant, *John I. Weller, pro se.*

The opinion of the court was delivered by

GUMMERE, J.    Judgment was given in the Hoboken District Court against the relators, and in favor of the defendant, Weller, on February 28th last.    An appeal bond was presented to that court, for its approval and acceptance; on the 6th day of March then next, which the court refused to receive upon the ground that it had not been tendered within the time required by the statute, namely, five days after the rendition of the judgment.    The last of the five days fell upon Sunday, and the tender of the bond was made on Monday following.    It is contended, on behalf of the relators, that, under the circumstances, the bond was presented in time, and they ask for a *mandamus* to compel the District Court to approve and file it.

At common law if an act be stipulated to be, or is required to be, done on Sunday, or on a legal holiday, the party has the next following day in which to perform it.    3 *Chit. Pr.* 104.    It seems, however, that where the act to be performed is one which is required by statute, in the orderly course of

judicial procedure, the common law rule has not always been followed, either in England or in this country, as may be seen by a reference to the cases on this subject, collated in the foot-notes to the article on the computation of time, in 26 *Am. & Eng. Encycl. L.* 10 *et seq.*

It is obvious that the question whether a *dies non juridicus* is to be included or excluded in the computation of time, when it happens to be the last day within which an act is to be performed, is equally one of construction whether the time be limited by agreement of parties, or provision of law. Although this question has not been considered by this court where the period of performance has been fixed by statutory provision, it has been passed upon where the time is appointed by the act of the parties. In *Stryker* v. *Vanderbilt*, 3 *Dutcher* 68, the parties had contracted that a certain deed should be delivered by the one, and the consideration money therefor paid by the other, on May 1st, 1853. That day happened to fall upon Sunday. Chief Justice Green, delivering the opinion of the court, declared that a compliance with the contract on Monday constituted a legal performance. The rule of construction adopted in this case was plainly the one best calculated to subserve the interests of the parties to the contract, and therefore was most likely to effectuate their intention. We think a similar rule should be adopted in construing statutory provisions requiring acts to be done by parties in the course of judicial proceedings. It will best protect the interests of litigants, and must for this reason be presumed to carry into effect the legislative intent.

This view is supported by the decision of the Chancellor in *Feuchtwanger* v. *McCool*, 2 *Stew. Eq.* 151, in which it was held that the provision of section 25 of the Chancery act, which requires the filing of an answer within sixty days after the return of subpœna, was substantially complied with by the filing of the pleading on the day after the expiration of the time limited when the last day of that period fell on a legal holiday.

But the question now presented for decision is hardly so

broad as that which has been discussed. The step to be taken in the case before us was one which required action by the court, viz., the approval and acceptance of an appeal bond. The granting or refusal of the *mandamus* applied for must therefore depend upon whether in the computation of a period fixed by statute, where the last day falls on Sunday, and the act is to be done *by the court*, and not by a party, it may be done on the next practicable day. We are of opinion that, by the true construction of such statutory provisions, where the last day for the action of the court falls upon a day on which it is not possible for the court to act, the intendment of the law is that the party shall have until the earliest succeeding day upon which the court can perform the duty imposed upon it.

A similar view to that which we have expressed was taken in the case of *Hughes* v. *Griffiths*, 13 *Com. B.* (*N. S.*) 324, in construing a like statutory provision. In the cited case it is suggested that a distinction between a thing which is to be done by the court and a mere act of the party is maintainable. Whether such distinction rests upon any solid foundation seems doubtful, but is a matter not involved in the determination of the case before us.

We conclude, for the reasons stated, that a peremptory *mandamus* should issue directing the District Court to approve and accept the bond tendered by the relators, provided it is made and executed in conformity to the requirements of the statute.