THE STATE OF DELAWARE, upon the relation of HARRY CON-
TENT AND WALTER CONTENT, Co-partners doing business
under the firm name and style of H. CONTENT AND COM-
PANY, *vs.* THE BAY STATE GAS COMPANY, a corporation
organized under the laws of the State of Delaware, and JOHN
EDWARD ADDICKS, President of the said Bay State Gas
Company.

*Mandamus—Service of Rule to Show Cause—Six Days—Appli-
cation of General Corporation Law to pre-existing Corpora-
tions—Service of Alternative Writ—Special Appearance,
After General Appearance—Return to Alternative
Writ—Motion to Quash because Material Al-
legations not denied—Pleading.*

1.   Section 48 of the General Corporation Law of 1901, which provides for the
service of process upon corporations, is, under the provisions of Section 3 of said law,
made applicable to corporations previously created.

2.   Service of rule to show cause, in mandamus, must be six days, exclusive of
the return day.

3.   There may be a special appearance for the purpose of moving to quash the
sheriff's return of service of the rule to show cause.   But, after a general appearance to
said rule, can there be a special appearance for the purpose of moving to quash the
sheriff's return of the service of the alternative writ ?

4.   Section 29 of said corporation law, which provides that the original or du-
plicate stock ledger of the corporation shall be kept open at the principal office or
place of business of the corporation in this State, etc., is, by said section 3, made
applicable to corporations previously created.

5.   A return in mandamus which does not answer the material allegations of
the alternative writ is insufficient and will be quashed.   Everything that is not denied
is admitted.   Every affirmative allegation in a pleading is admitted, unless traversed
or avoided ; and there is nothing better settled in equity than if you say, as to allega-
tions, that you do not know anything about them, they stand admitted as true.

(*September 24; November 19, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting, when
the petition was filed.

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 215

PETITION FOR MANDAMUS.

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting at subsequent hearings.

*Anthony Higgins* and *Herbert R. Limburger* (of the New York Bar) for relators.

*Walter H. Hayes* and *Herbert H. Ward* for respondents.

Superior Court, New Castle County, September Term, 1901.

MANDAMUS (No. 219, September Term, 1901).

On September 24th, 1901, the relators asked leave to file a petition praying for a mandamus against the respondents under the general corporation act of 1901, to compel the latter to keep open at the principal office of the company in this State, the original or duplicate stock ledger or transfer books of the company.

*Mr. Higgins:*—The allegations of the petition are its incorporation by the original Act of 1889, its amendment in 1895, and the subsequent point in the petition is the enactment of the General Corporation Law of 1889 and its amendments of 1901, whose provisions are made applicable to all existing corporations which are not inconsistent with the charter and the requirements of section 29 of the Act of 1901 (and Section 31 of the Act of 1899), requiring all corporations of this State to keep their books open for the inspection of the stockholders.

The allegation of these petitioners is that they are the owners of as many as 180,000 shares of the stock of the Bay State Gas Company, and specifically of 1,000 shares, as evidenced by certain certificates appearing by their serial numbers; and that they made application to the transfer agents of said company in the City of New York for the opportunity to inspect the transfer books there, and that they took memoranda from them; that in the first instance they were refused the privilege of such inspection by the

Mercantile Trust Company of New York, but afterwards they were permitted to inspect the books, and thereupon made a list of the stockholders, and had copied those beginning with the letter A when the said company informed them that the books had been removed from them and the transfer agency extinguished, and that they were no longer the transfer agents, but that the books had been transferred to Mr. William H. Miller, Treasurer of the Bay State Gas Company, in Philadelphia. That when one of the firm of these relators applied to Mr. Miller, treasurer, in Philadelphia, the latter said he did not have the books, that they had been transferred to Mr. J. Edward Addicks, President of the company.

We were not able to make a demand on any of the officers of the Bay State Gas Company, or at their principal place of business, before last Saturday. But a week ago Saturday, Mr. Content, in company with Mr. Herbert R. Limburger, of counsel for Mr. Content, in New York, went to the principal office of the respondents, in this city, at Fifth and Shipley streets, and found that the office was closed, and that there was a notice on the door stating that it was closed for the present on account of the death of President McKinley.

The petition further alleges that there had been application made on behalf of Mr. Content, by Mr. Horace G. Eastburn, of this Bar, every consecutive day up until Saturday, and the affidavit of Mr. Eastburn will show like application was made both upon yesterday and to-day, but that the said office still remained, and does remain, closed and locked, with the same notice upon the door, and it is impossible to examine books there, under the provisions of the statute.

And, further, that on Friday last Mr. Eastburn, learning that Mr. Addicks was expected at his residence, at Claymont, went to see him, but he was not at home, but he found him there on Saturday last and made demand on him, serving a written demand upon him, a copy of which is annexed to the petition, and as to which a refusal is alleged.

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 217

PETITION FOR MANDAMUS.

Thereupon, and for the first time, we were in a position to prepare this petition. No time has been lost since, and on that we ask for a rule to show cause why a mandamus should not issue, according to the prayer of the petitioner, the respondent in the case being the corporation itself, the president and principal officer of the company.

I have the affidavit of Mr. Walter Content and also of Mr. Herbert R. Limburger who were present at one of the Trust offices in New York, and also in this city on the first Saturday in question; also the affidavit of Mr. Eastburn as to the demand and refusal, etc.

· Lore, C. J. :—Upon your statement, which I suppose contains the substance of your petition, we will order a rule. When shall it be made returnable?

*Mr. Higgins:*—I would suggest Monday next.

Lore, C. J.:—We order the rule to issue as prayed for, returnable next Monday, September 30, at ten o'clock A. M.

Said rule was in the following form, to wit:

" And now to wit, this twenty-fourth day of September, A. D. 1901, petition and affidavits filed, and on motion of Anthony Higgins, Esquire, rule granted upon defendants, the Bay State Gas Company, and the said John Edward Addicks, as President of said defendant Company, to show cause why a writ of peremptory mandamus shall not issue against them and each of them, commanding them in accordance with the provisions of said statute, at all times during the usual hours of business to have open to the examination of the petitioners as stockholders of said defendant Company, at the principal office or place of business of said Company, in the State of Delaware, the original or duplicate stock ledger containing the names and addresses of the stockholders of

15

the said defendant Company and the number of shares held by them respectively returnable on Monday, the thirtieth day of September, A. D. 1901, at ten o'clock A. M."

On Monday, September 30th, A. D. 1901, at 10 o'clock A. M., Samuel A. McDaniel, Esq., to whom the said rule had been issued for service, made return to the Judges of the said Court as follows :

" Service of the within rule made by leaving a copy hereof (together with a copy of the petition and affidavit filed in this case) at the dwelling house or usual place of abode of John Edward Addicks, President of the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and at the dwelling house or usual place of abode of John Edward Addicks, at least six days before the return day hereof, in the presence of Theo. P. McDaniel, an adult person, September 24th, 1901."

The hearing on said rule was thereupon continued to Tuesday, the first day of October, A. D. 1901, when the following petition and motion were filed, to wit :

" To the Honorable the Judges of the Superior Court of the State of Delaware, in and for New Castle County, sitting at the September Term, 1901.

" We, Walter H. Hayes and Herbert H. Ward, attorneys at law, respectfully petition the Court for permission to appear specially in the above mentioned cause for the said Bay State Gas Company and John Edward Addicks, President of the said Bay State Gas Company, for the purpose of moving to quash and set aside the return of the Sheriff of New Castle County of the supposed service of the rule to show cause, issued in the above stated case, for the reasons :

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 219

SHERIFF'S RETURN; MOTION TO QUASH.

" 1.   That by said sheriff's return it doth not appear that said rule was served personally on the President, head officer, any officer, director or manager of the said Bay State Gas Company.

" 2.   That it doth not appear, by said sheriff's return, that said rule was served upon any attorney of record in the said cause.

" 3.   That it doth not appear, by said sheriff's return, that the said rule was served personally upon the said John Edward Addicks, or upon any attorney of record for him.

" 4.   That it doth not appear by said sheriff's return that service of said rule was attempted to be made 'by leaving a copy thereof (together with a copy of the petition and affidavits filed in this case) at the dwelling house or usual place of abode of John Edward Addicks, President of the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and at the dwelling house or usual place of abode of John Edward Addicks at least six days before the return day thereof, in the presence of Theo. F. McDaniel, an adult person, September 24, 1901, and that the return thereof, as appears by the body of said rule, was fixed for Monday, the 30th day of September 1901, at 10 o'clock A. M.

" 5.   That it appears by the petition filed in this cause that the defendant, the Bay State Gas Company, is a corporation existing under and by virtue of an Act of the General Assembly of the State of Delaware, entitled 'An Act to Incorporate the Peninsula Investment Company,' passed at Dover, April 24th, 1889, and that service of said rule upon said corporation was attempted to be made by leaving a copy thereof at the dwelling house or usual place of abode of the President of said company.

" 6.   Protesting that Section 48, Chapter 167, Volume 22, of the Laws of Delaware, entitled 'An Act Providing a General Cor-

poration Law,' hath no application to the service of the above mentioned rule in this cause, yet said petitioners say that it appears in any by said sheriff's return, that the said copy of said rule petition and affidavits was not left or delivered at the dwelling house or place of abode of the said President of said Bay State Gas Company at least six days before the 30th day of September, 1901, being the date fixed for the return of the said rule to show cause."

The Court thereupon made the following order:

"AND NOW TO WIT, this first day of October, Nineteen Hundred and One, the above petition having been presented, read and considered by the Court, it is ordered by the Court here that the permission be granted to Walter H. Hayes and Herbert H. Ward, the petitioners aforesaid, to appear as requested therein."

*Mr. Ward:*—Although we in our reasons, as set forth in our argument, do protest that the statute of 1901, or the statute of 1899, of which the statute of 1901 is an amendment, has absolutely no application to this case because the Bay State Gas Company is a corporation created under a private act in 1899, yet in order to meet the point urged by our learned friend we propose to argue that this act has no application, and if the Court should be of the opinion that it has an application, we will argue that the return of the sheriff shows clearly that the proper time of service had not elapsed from the time of the service to the return of the writ.

We will first consider whether there has been the service required by section 48, which is six days, because that settles the question without entering into a more elaborate argument.

The first authority in our own State upon this question of service is *Robinson vs. Collins, 1 Harrington, 498,* which was a certiorari, and the Court reversed the judgment on the second exception, which was that the summons was not served on the

CONTENT & CO. vs. B. S. G. CO. AND ADDICKS. 221

OPINION—ALIAS RULE; SHERIFF'S RETURN.

exceptants at least four days before the day designated as the law requires.

The Court there held as follows : " The law requires (Sec. 3) that service of the summons shall be made *at least four days before* the day appointed for the defendants' appearance; which must be exclusive of both the day of service and the day of return. The service here was on the second of September, and the day of appearance the sixth. It was therefore not in time."

The law which the Court was construing in this case was *Section 3* in the *Digest of 1829, p. 331.*

In the case at bar the alleged service was made on the twenty-fourth of September, and the rule itself was made returnable on the thirtieth day of September.

LORE, C. J. :—We think there must be six days, exclusive of the return of service. We order that the return of the sheriff be quashed in this case as an improper service.

(An alias Rule was thereupon issued, and on Saturday, October 26th, A. D. 1901, at ten o'clock A. M., Samuel A. McDaniel, Esquire, to whom the said alias rule had been issued for service, made return to the Judges of the said Court as follows) :

" Service of the within rule, made upon the defendant, the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, by leaving a copy hereof, together with a copy of the petition and affidavits filed in this cause at the dwelling house and usual place of abode of John Edward Addicks, the President of the said company, on the 9th day of October, 1901, at least six days before the return day thereof, in the presence of James E. Saville, a white adult person. And service of the within rule, made upon the defendant, John Edward Addicks, President of the said Bay State Gas Company, by leaving a copy thereof, together with a copy of the petition and affidavits filed in this cause, at the dwelling house and usual place of abode of the said John Edward

Addicks, defendant, on the 9th day of October, 1901, at least six days before the return day thereof, in the presence of James E. Saville, a white adult person."

On October 26th, the alias rule coming on to be heard, Walter H. Hayes and Herbert H. Ward were allowed to appear specially for the purpose of making a motion.

LORE, C. J. :—Gentlemen representing the respective parties in this case, you will note that the personnel of the Court is changed since the last hearing; but, as the other merely involved a preliminary motion, I suppose there is no objection.

*Mr. Higgins:*—We make no objection.

LORE, C. J. :—And counsel for the other side make none?

*Mr. Hayes :*—No, sir.

Counsel for respondents moved to quash and set aside the sheriff's return of service of the alias rule issued in said cause for the following reasons :

" 1. That by said sheriff's return it doth not appear that the said alias rule was served personally on the President, head officer, any officer, director or manager of the said Bay State Gas Company.

" 2. That it doth not appear, by said sheriff's return, that said alias rule was served upon any attorney of record in the said cause.

" 3. That it doth not appear, by said sheriff's return, that the said alias rule was served personally upon the said John Edward Addicks, or upon any attorney of record for him.

" 4. That it doth not appear by said sheriff's return that service of said alias rule was attempted to be made 'by leaving a copy thereof (together with a copy of the petition and affidavits filed in this case) at the dwelling house or usual place of abode of John Edward Addicks, as President of the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and at the dwelling house or usual place of abode of John Edward Addicks at least six days before the return day thereof, in the presence of James E. Saville, an adult person, October 9th, 1901.'

" 5. That it appears by the petition filed in this cause, that the defendant, the Bay State Gas Company, is a corporation existing under and by virtue of an Act of the General Assembly of the State of Delaware, entitled, 'An Act to Incorporate the Peninsula Investment Company,' passed at Dover, April 24th, 1889, and that service of the said alias rule upon said corporation was attempted to be made by leaving a copy thereof at the dwelling house or usual place of abode of the president of said company."

At the conclusion of the argument upon the motion of counsel to quash the sheriff's return in the above entitled cause, the Court rendered the following decision:

LORE, C. J.:—We think for the purposes of this suit that the service is sufficient; we do not construe the act in any other respect.

(Exception noted for respondents.)

LORE, C. J.:—Do you enter a general appearance to this rule?

*Mr. Ward:*—We appear generally.

LORE, C. J.:—Do you demand that the alternative writ shall issue?

*Mr. Hayes:*—We demand the alternative writ.

LORE, C. J.:—The alternative writ issues as a matter of course, unless you waive it.

We will make the alternative writ returnable Monday, November 18th, 1901, at 10 o'clock A. M.

(On November 7th the said alternative writ of mandamus was issued.)

The concluding part of said writ was as follows:

"AND WHEREAS, upon consideration by the said Court it was afterward on the twenty-sixth day of October, A. D. 1901, on motion of Anthony Higgins, Esquire, Attorney for the relator, ordered by said Court, that the writ of the State of Delaware of alternative mandamus should issue.

"These are therefore to command you and each of you, the said Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and John Edward Addicks, President of the said Bay State Gas Company, that you and each of you shall at all times during the usual hours of business have open to the examination of the petitioners as stockholders of said defendant company at the principal office or place of business of said company, in the State of Delaware, the original or duplicate stock ledger, containing the names and addresses of the stockholders of the said defendant company and the number of shares held by them respectively.

"Or that you and each of you appear before the said Superior Court of the State of Delaware, in and for New Castle County, on Monday, the 18th day of November A. D. 1901, at 10 o'clock in the forenoon, and then and there show cause, if any you have, why you have not done so."

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 225

MOTION TO APPEAR SPECIALLY.

The sheriff's return upon the said alternative writ was in the following form, to wit:

" Service of the within writ made upon the defendant, the Bay State Gas Company, a company organized under the laws of the State of Delaware, by leaving a copy hereof at the dwelling house and usual place of abode of John Edward Addicks, President of the said company, on the 7th day of November, 1901, at least six days before the return day hereof, in the presence of James E. Saville, a white adult person, and service of the within writ made upon the defendant, John Edward Addicks, President of the said Bay State Gas Company, by leaving a copy hereof at the dwelling house and usual place of abode of the said John Edward Addicks, defendant, on the 7th day of November, 1901, at least six days before the return day hereof, in the presence of James E. Saville, a white adult person."

*Mr. Hayes:*—If the Court please, we wish to present the same petition and motion as filed before, viz., to appear specially for the purpose of moving to quash and set aside the return of the Sheriff of New Castle County of the supposed service of the said alternative writ of mandamus, for the reasons before stated.

LORE, C. J. :—You did appear generally; you did not waive the alternative writ, and the alternative writ has issued and is now returned. This is not a question of service; it is a question of asking to appear specially after you have appeared generally.

*Mr. Ward:*—How can we come in without?

LORE, C. J. :—The question is whether, having appeared generally, you now can appear specially.

*Mr. Ward:*—If the service, in our judgment, may be quashed, I would ask the Court how we could do it. I suggest there is no

way that we can move to quash the return of a sheriff of a process which we are entitled to have served on us except by entering a special appearance for the purpose.

The Court will understand that this is practically the same point that the Court has already decided with reference to the service of the rule, and your Honors may decide, under the circumstances, that you do not care to hear any further argument upon this method of service; but, in order to save the point made upon the rule, we feel that we must come in in this way.

We come in here upon general principles; that if it is necessary to serve an alternative writ, there must be some return of service, and if we believe it our duty to move to quash the return, then we would be obliged to come in Court the same as with reference to any other return with a special appearance for that purpose.

GRUBB, J.:—Is there not here this distinction; you are already in Court in this case?

*Mr. Ward:*—We are not, in answer to the alternative writ.

GRUBB, J.:—But the alternative writ has to be obeyed if it is served upon you, and service is required for you to know what you have to obey; and you must either make the return that you have obeyed it or there must be reasons given for not having obeyed it. Are you not in Court?

*Mr. Ward:*—Not on the alternative writ.

GRUBB, J.:—But you have appeared in the case?

*Mr. Ward:*—We came in on the rule to show cause.

LORE, C. J.:—We will permit you to move to quash the return of the sheriff on the alternative writ under your appearance, without prejudice.

*Mr. Hayes:*—I will read the return in this case, and then submit our motion to quash it.

(Mr. Hayes here reads the sheriff's return upon the alternative writ as hereinbefore set out.)

SPRUANCE, J. :—Is not that service precisely the same as on the rule?

*Mr. Hayes:*—Yes, sir.

SPRUANCE, J. :—And if we decided a certain way before, we will hold the same here.

*Mr. Hayes:*—We did not expect to argue it, but we simply want to make our motion so as to get it on the record.

(Mr. Hayes here reads the motion to quash the return of the sheriff on the alternative writ, the said motion being in the same form as the motion to quash the alias writ.)

We submit that motion to the Court in this case.

LORE, C. J. :—You made your argument in the other case, and for the same reasons there stated we refuse to quash the return upon the alternative writ.

(Exception noted for respondents.)

MOTION TO QUASH THE ALTERNATIVE WRIT.

*Mr. Hayes:*—If the Court please, I now move to quash the the alternative writ.

SPRUANCE, J. :—You appear to the writ?

*Mr. Hayes:*—We appear to the writ now, after taking our

exception to the refusal of the Court to quash the sheriff's return upon the alternative writ.

LORE, C. J.:—You had better note the fact of your appearance.

*Mr. Hayes:*—We now enter a general appearance to the alternative writ.

(*Mr. Hayes* here presents the following motion to quash said alternative writ, to wit):

And now to wit, this eighteenth day of November, A. D. 1901, Walter H. Hayes and Herbert H. Ward, attorneys for the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and John Edward Addicks, President of the Bay State Gas Company, the defendants in the alternative writ of mandamus, above recited, and the petition incorporated therein, move the Court here to quash said alternative writ for the following causes:

1. That said alternative writ of mandamus does not show upon its face a clear right to the relief demanded.

2. That the material facts, on which the relators rely, are not distinctly set forth so that they may be admitted or traversed by the return.

3. That the allegation of facts made in said petition and said alternative writ are argumentative, uncertain, not positive and insufficient.

4. That it nowhere appears in said cause, or in said alternative writ, that the Bay State Gas Company, defendant, has ever had its charter amended under the provisions of Section 1 and Section 2 of Article 9 of Amended Constitution of June 10th, 1897, or

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 229

MOTION TO QUASH AL. WRIT—DECISION.

that said corporation has ever filed, under the corporate seal of said corporation, duly attested, with the Secretary of State, or otherwise, an acceptance of the provisions of said Constitution.

5. That it doth appear in said cause and in said alternative writ that said Bay State Gas Company was incorporated by special Act of the General Assembly, passed at Dover the 24th day of April, A. D. 1889.

6. That the provisions of Chapter 167, Volume 22, of the Laws of Delaware, entitled "An Act Providing a General Corporation Law," and especially Sections 3 and 29, mentioned in and exclusively relied upon by said relators in their said petition and alternative writ for the relief sought for, have no application to said defendant corporation.

7. That it appears in and by the petition filed in said cause and said alternative writ that there is no duty imposed upon John Edward Addicks, President of the said Bay State Gas Company, to do the things prayed for in said petition and commended in the alternative form in said writ.

8. It is not alleged in said petition filed in said cause, or in said alternative writ, that the said John Edward Addicks, President of the said Bay State Gas Company, is the custodian of, or had at any time, or now has, the possession of the books mentioned in said petition and writ.

9. That it appears by the record in this cause and said alternative writ that said relators have misjoined John Edward Addicks, President of the Bay State Gas Company, as a defendant in this cause.

### Decision.

Lore, C. J.:—In the case of the State of Delaware upon the relation of Harry Content and Walter Content, co-partners, doing

business under the firm name and style of H. Content and Company *vs.* The Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and John Edward Addicks, President of the said Bay State Gas Company, just argued, the Court refuse to quash the alternative writ of mandamus issued against the said respondents.

(Exception noted for respondents.)

## RETURN TO ALTERNATIVE WRIT.

*Mr. Hayes,* of counsel for respondents, thereupon presented and read the following return to the said alternative writ of mandamus, to wit:

"The joint and several return of the Bay State Gas Company, a corporation organized under the laws of the State of Delaware, and John Edward Addicks, President of the said Bay State Gas Company, repondents, to the alternative writ of mandamus above stated, and the petition incorporated therein, respectfully represents and states:

"1. That the said respondents admit to be true the facts set forth in numbered section one of said petition incorporated in said alternative writ of mandamus.

"2. That for the purpose of this answer the said respondents admit to be true the facts set forth in the second numbered section of said petition.

"3. These respondents admit to be true the facts set forth in the first paragraph of numbered section three in said petition.

"Said respondents further admit said defendant corporation hath filed with the Secretary of State the three certificates mentioned and referred to in said numbered section three of said peti-

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 231

RETURN TO ALTERNATIVE WRIT.

tion ; but these respondents deny that said three certificates in said numbered section three mentioned and referred to are the only certificates of increase of the capital stock of said defendant company on file in the office of the Secretary of State of Delaware, or were on file at the time of the instituting of these proceedings.

" These respondents admit that since said petitioners have become and have been stockholders of the said corporation, no dividend has been declared on the said stock, and that the present market value of said securities is about three-quarters of a dollar per share ; but these respondents deny that the decline in market value of said stock has been brought about to any extent by continuous issue of stock of said corporation without notice to stockholders and at the will of the officers of the corporation ; and further deny that any stock of said corporation hath been issued without notice to stockholders and at the will of the officers of the corporation.

" These respondents have no knowledge of any inquiries on the part of said relators to ascertain the status of the affairs of said corporation.

" These respondents wholly deny that the affairs of the said corporation have been mismanaged, or that the present management of said corporation is either not desirous of advancing the interests of the stockholders, or that it is incapable of acting in a proper manner so to do.

" These respondents say that they have no information or knowledge as to the desires of the relators, as set forth in the remaining portions of said numbered paragraph four in said petition.

" 5.    These respondents, for the purpose of this answer, admit to be true all allegations of fact set forth in the fifth numbered section of said petition, with the exception of the allegations of fact in the last paragraph in said numbered section set forth.

" These respondents have no knowledge of any statements, verbal or written, as in said numbered section five set forth, therein alleged to have been made by said J. C. Klenck, or the said Brayton Ives, or the said Cherdrifer.

" These respondents deny that William H. Miller, the treasurer of the defendant company, either on the twenty-ninth day of July, A. D. 1901, or at any other time, stated to the said Walter Content, or any other person, that there was no transfer agent for the said corporation, respondent, any longer in Philadelphia, in the State of Pennsylvania, or that said Walter Content, said petitioner, or any other person, could not have any stock held by him or them transferred, or that the said books in said petition mentioned were then, to the knowledge of him, the said Miller, in the personal possession of the said John Edward Addicks, one of said respondents herein ; and these respondents further wholly deny that the said books of said defendant corporation, mentioned in said petition, were, on the said twenty-ninth day of July, A. D., 1901, theretofore, since, or now are in the possession of the said John Edward Addicks, one of said respondents.

" 6. These respondents, protesting that the provisions of Section 29 of the Act of .the General Assembly of the State of Delaware, entitled 'An Act Providing a General Corporation Law,' approved March 7th, 1901, have no application to said corporation, or to the duties of said corporation, or any of its officers, and averring that said corporation has never accepted the provisions of the present Constitution of the State of Delaware, nor has ever filed in the office of the Secretary of State an acceptance of said provisions under its corporate seal, duly attested, or otherwise, say that they have no knowledge of any of the facts set forth in numbered section six of said petition, excepting certain of the averments contained in the last pargraph of said numbered section six of said petition.

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 233

MO. TO QUASH RETURN TO AL. WRIT.

" These respondents admit that on or about the twenty-first day of September, A. D. 1901, the said Horace G. Eastburn, then representing himself to be acting in behalf of said petitioners, handed to the said Addicks the demand in writing, signed by the said petitioner, H. Content and Company, a copy of which is annexed to said petition, marked ' Exhibit V.'

" These respondents deny that said respondent, John Edward Addicks, then and there refused to comply with said demand of said relators.

"7. These respondents deny that by virtue of the provisions of said Section 3 of the said Act of the General Assembly of the State of Delaware; entitled, ' An Act providing a General Corporation Law,' approved March 10th, 1899, and also of the said Act as amended, approved March 7th, 1901, the said Bay State Gas Company, one of said respondents, its officers, directors and stockholders are governed by the provisions, or are subject to the restrictions and liabilities contained in Section 29 of said Act."

MOTION TO QUASH RETURN TO ALTERNATIVE WRIT.

*Mr. Limburger :*—We move to quash the return, on the ground that it is insufficient in law, in that there is no denial of the material allegations contained in the petition.

The material allegations are, that we are stockholders of the defendant company. That is expressly admitted.

Next, that we made a demand at the office of the company. That is not denied, but also admitted.

We further allege that the office of the company was closed for a week. That is also admitted.

All of the material allegations are admitted, except so far as the demand made upon Mr. Addicks personally may be considered a material allegation, and to that there is a denial. There is no denial in this case of our demand made at the place where the law

requires us to make it. There is furthermore no statement of facts with regard to Mr. Addicks' refusal. They say he did not refuse, but do not set forth any facts showing in what way he complied with the demand.

They admit, as I say, that the office here was closed on every one of the occasions that we came to make the demand and also admit that the books for an entire week were not open to our examination as stockholders at the office where they are required to be kept.

Those being the only necessary material allegations, we submit that the return should be quashed and that the peremptory writ should issue.

*State vs. Hiram Grand Lodge, 2 Pennewill, 21.*

LORE, C. J.:—In what do you hold you have answered the allegations of the alternative writ?

*Mr. Ward:*—The learned counsel who just addressed the Court, said there were only two necessary averments in the petition : *First,* that the petitioners are stockholders, and, *second,* that there was a demand at the office.

We have admitted that they are stockholders, but so far as the demand at the office is concerned, the only statement that we have made in the answer is, that of that we have no knowledge.

SPRUANCE, J.:—Is it not a fact that a statement that you have no knowledge of a fact alleged in a petition is an admission of the fact? Every affirmative allegation in a pleading is admitted, unless traversed or avoided ; and there is nothing better settled in equity than if you say as to allegations that you don't know anything about them, they stand admitted as true.

Everything that is not denied is admitted. That is unquestionably the rule.

*Mr. Ward:*—The rules of pleading in mandamus lay it down that you may say you don't know.

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 235

MO. TO QUASH RETURN TO AL. WRIT.

SPRUANCE, J. :—Then you make your issue on that point—you don't know anything about it.

*Mr. Ward*:—Probably not; but we leave it in the condition that you must depend upon their averment in this case in just the same way as in the McCoy case in Kent County, where the question arose under precisely the same conditions under which this case now is; you must go back to the petition for clearness of averment in the alternative writ.

We don't admit it; to be sure, we take no issue, but it leaves the petitioner bound to make the averment.

GRUBB, J. :—The Court held that that was a sufficient averment in the alternative writ, and it stands as a sufficient averment. You have to traverse it, or what is equivalent to it in pleading.

*Mr. Ward* :—We certainly have traversed a necessary averment; it must be a duty on somebody to do this. But it certainly is not shown to be the duty of one of the persons joined in this petition for mandamus, and that is Mr. Addicks.

There is unquestionably an absolute and complete denial that Mr. Addicks, at the time of the filing of this petition for a mandamus, had in his possession or custody these books, or had them theretofore, or has had them since then, or that he has them now.

In the case of *Swift vs. Richardson* the main defendant there was Swift, and Swift was the main defendant because he was the custos of those books.

GRUBB, J.: Was the company joined with him in that case?

*Mr. Ward :*—No, sir ; it was a Connecticut corporation. The corporation was not joined. It was a proceeding against the party who had the custos of the books. But here we wholly deny that said books of said corporation mentioned in the petition were on the 28th day of July, 1901, theretofore, since, or now are in the possession of John Edward Addicks, one of said respondents.

GRUBB, J. :—They are not contending now that Addicks had those books, as I understand it, or that he refused their demand; they are standing on the obligation under the statute to have them open at the principal office or place of business of the corporation during the usual business hours.

They have alleged that, and they say you have not denied it, and that being stockholders and having made the demand there at the office and finding the office closed, and because of your not having the books open during the usual hours of business, they are entitled to this writ of peremptory mandamus.

*Mr. Ward:*—I am not addressing myself to that.

GRUBB, J. :—Will it not be decisive of the case, if you have not sufficiently denied it?

*Mr. Ward:*—No; clearly not. I desire to make this point (and what I say now is preliminary) that there is a positive denial that Mr. Addicks has these books within his custody, or had them at the time of the filing of this petition. This is a petition filed against him and the corporation. Whatever duty there may be under the state of these pleadings for the corporation to have these books in that place, I submit to the Court that there is no duty upon Mr. Addicks, not being the custos of those books, to have them there. If he had them in his custody, the Court might reach him. But the Court will never direct a person who has not the custody of the books to produce the books.

I submit, there is no duty upon the President to produce those books, and therefore the President has been improperly joined in this proceeding, and that being so the whole proceeding must be dismissed.

SPRUANCE, J. :—The Court has passed upon the question that Addicks was properly joined.

CONTENT & CO. vs. B. S. G. CO. and ADDICKS. 237

DECISION.

*Mr. Ward :*—Not upon the averment that these books were not in his custody—whether this is a sufficient averment.

Lore, C. J. :—Do you hold that it is not the duty of the head officer as President to see that these books are at the usual place of business of the corporation, open to access as the law requires—that that is not his primary duty as President?

*Mr. Ward :*—I think not. I think there is a duty upon the corporation, and possibly upon the corporation through its officers.

Spruance, J. :—The Court has decided that Mr. Addicks is a proper party and properly joined, for all the purposes of this action, as I understand it. Now Mr. Addicks comes in and denies that he has the books, and that is all he did deny. He is President of the company. He does not deny that they are within his control, or that he has power to produce them; nothing of this kind.

## DECISION.

Lore, C. J. ,—We consider the return in this case insufficient, and order the peremptory writ, notwithstanding the return.

(Exception noted for respondents.)

The decree of the Court, as drawn out, was (omitting the caption) in the following words and figures, to wit :

" And now, to wit, this 19th day of November, A. D. 1901, it appearing to the Court here that the return of the respondents to the Alternative Writ of Mandamus, filed in this cause is insufficient in law, it is considered, ordered and adjudged by the Court, that notwithstanding the return of the respondents to the said alternative writ, the Peremptory Writ of Mandamus of the State of Delaware issue, commanding the said respondents as prayed for

DECREE.

in the petition filed in this cause and that the said respondents make return to the Court here to said peremptory writ on Saturday, the thirtieth day of November, A. D. 1901, at 10 o'clock A. M.

"CHAS. B. LORE, C. J."