JACOB SIMKIN, trading as Owner's Auto Finance Company, *vs.* ANDREW E. COLE, JR.

1. TIME—FIRST DAY EXCLUDED, AND DAY OF ACTION INCLUDED.

Ordinarily, in computing time, in the absence of a showing of a contrary intent, the first day will be excluded, and the day on which the act is done included.

2. TIME—REASONS FOR NEW TRIAL MAY BE FILED FOLLOWING MONDAY, LAST DAY FALLING ON SUNDAY.

Where, following the rule of excluding the first and counting the last day, the last day for filing reasons for a new trial, under Superior Court Rules, rule 35, falls on Sunday, and under *Rev. Code,* 1852, amended to 1893, *c. 3,* § 3, the prothonotary's office is closed on Sunday, they may be filed the following Monday.

3. TIME—ACTION MAY BE DONE ON FOLLOWING DAY, LAST DAY FALLING ON SUNDAY.

Where no contrary intent appears, and a given number of days is allowed to do an act, whether it be a rule of court, judicial order, or statute, Sundays are counted, if one or more occur within the time, unless the last day falls on Sunday, in which case the act may be done on the next day.

(*January* 30, 1922.)

HARRINGTON, J., sitting.

*James I. Boyce* for plaintiff.
*Robert Adair* for defendant.

Superior Court, New Castle County, January Term, 1922.
Motion for new trial in an action of replevin, No. 157, March Term, 1921.

A verdict was rendered for the plaintiff in an action of replevin on Wednesday, December 7, 1921. The defendant moved for a new trial and for an arrest of judgment. The reasons for the new trial were filed on Monday, December 12, 1921. The motion was resisted, among other grounds, on the ground that the reasons for the new trial were not filed in time, under the provisions of rule 35 of the Superior Court Rules.

HARRINGTON, J., delivering the opinion of the Court:

The question is whether the defendant's reasons for a new trial were filed within the time prescribed by rule 35 of the Superior Court Rules. This rule is as follows:

"Motions * * * for new trials shall be made and the reasons filed within four days next after the trial, if the court shall sit so long; and if it do not, then during the term."

[1] In computing time, either under a rule of court or a statute, in the absence of anything showing a contrary intent, the first day should ordinarily be excluded, but the day on which the act is to be done should be included. *Robinson v. Waddington*, 66 E. C. L. 753; *Barnes v. Eddy*, 12 R. I. 25; In *re Goswiler's Estate*, 3 *Pen. & W.* (*Pa.*) 200; In *re Senate Resolution*, 9 *Colo.* 632, 21 *Pac.* 475; In *re Fortner*, 1 *Harr.* 461; *Underwood v. Jeans*, 4 *Harr.* 201.

Neither *Robinson v. Collins*, 1 *Harr.* 498, nor *Warrington v. Tull*, 5 *Harr.* 107, are inconsistent with this rule. In the former case the statute provided that process should be served "at least four days before" the day set for appearance, while in the latter case it provided that the day for appearance should not be "less than five days after the day of the date" of the summons.

Both cases involved the construction of different sections of the same statute, and the court merely held that the statute contemplated that both days should be excluded in computing time. *Content & Co. v. Bay State Gas Co.*, 4 *Penn.* 214, 221, 57 *Atl.* 291; *Jones v. Hinderer*, 7 *Boyce* 516, 108 *Atl.* 737, and *Chambers v. Jones*, 1 *Penn.* 209, 39 *Atl.* 1098, are to the same effect.

Under the usual method of calculating time, the day on which the verdict was rendered in this case should be excluded, but the day of filing the reasons for a new trial should be included; the four days allowed by the rule, therefore, expired on Sunday, December 11, 1921.

[2] But the real question is whether the prothonotary's office being closed on that day (*Chapter* 3, § 3, *Rev. Code* 1893), the reasons for the new trial should have been filed not later than Saturday, December 10th, or whether the defendant complied with the rule in filing them on the following Monday. There is considerable confusion in the authorities on this question in both England and America. *Ency. Pl. & Pr.*, vol. 30, *p.* 1204; *Amer. & Eng. Ency. of Law, vol.* 28, *p.* 224. In both countries, it has frequently been expressly held or intimated that where the last day for doing an act falls on Sunday, performace on the succeeding day, while good as to a rule of court, or a judicial order, is not ordinarily sufficient where a statute is involved. *Hughes v. Griffith*, 106 *E. C. L.* 323; *Morris v. Barrett*, 97 *E. C. L.* 138 (7 *C. B. & S.*); *Peacock v. Queen*, 93 *E. C. L.* 262; *Milbourn v. Lyster*, 5 *Sim.* 565 (58 *Eng. Repr.* 451); 2 *Stri.* 87 (93 *Eng. Repr.* 401); *American Tobacco Co. v. Strickling*, 88 *Md.* 500, 41 *Atl.* 1083, 69 *L. R. A.* 909; *Atkinson v. Merritt*, 3 *N. Y. Super. Ct.* 667; *Cooley v. Cook*, 125 *Mass.* 406; *Simmons v. Hanne*, 50 *Fla.* 267, 39 *South.* 77, 7 *Ann. Cas.* 322; *Anonymous*, 2 *Hill* (*N. Y.*) 375, note.

And a further distinction has sometimes been made between cases where the act in controversy is to be done by a party to the proceeding, and where it is to be done by the court. Where it is to be done by the court it has in some cases been held that it must be on a day when it can be performed, and that Sundays and holidays, when they occur on the last day for performance, should,

therefore, be excluded in computing time. *Hughes v. Griffith*, 106 *E. C. L.* 323 (*supra*); *Von de Place v. Weller*, 64 *N. J. Law* 155, 44 *Atl.* 874.

Whether a statute, rule of court, or judicial order be involved, the question whether a Sunday shall be counted, when that is the last day on which the act is to be done, is still one of interpretation.

When the day for performance under a contract falls on Sunday, where no contrary intent appears, that day is usually excluded in construing contracts, and performance on the next day is good. *Von de Place v. Weller*, 64 *N. J. Law* 155, 44 *Atl.* 874; *Hammond v. Amer. Mutual Life*, 10 *Gray* (*Mass.*) 306; *Craig v. Butler*, 83 *Hun.* 286, 31 *N. Y. Supp.* 963; *Northey v. B. Life Ass'n.*, 110 *Cal.* 547, 42 *Pac.* 1079; *Anonymous*, 2 *Hill* (*N. Y.*) 375, note; *Porter v. Pierce*, 120 *N. Y.* 217, 221, 24 *N. E.* 281, 7 *L. R. A.* 847; *Owen v. Howard Ins. Co.*, 87 *Ky.* 571, 10 *S. W.* 119.

[3] Where no contrary intent appears, the better and more reasonable rule, therefore, seems to be that where a given number of days is allowed to do an act, or it is said an act may be done within a given number of days, and whether it be by rule of court, judicial order or statute, Sundays are counted if one or more occur within the time, unless the last day falls on Sunday, in which case the act may be done on the next day. *Barnes v. Eddy*, 12 *R. I.* 25; *In re Goswiler's Estate*, 3 *Pen. & W.* (*Pa.*) 200; *Monroe Cattle Co. v. Becker*, 147 *U. S.* 47, 55, 13 *Sup. Ct.* 217, 37 *L. Ed.* 72; *Schepel v. Mellen*, 3 *Mont.* 118, 126, and 127; *In re Senate Resolution*, 9 *Colo.* 632, 21 *Pac.* 475.

Applying this rule, the reasons assigned for granting a new trial were filed within the prescribed time, but the motion was denied for other reasons.