GREAT FALLS POWER COMPANY AND DUKE POWER COMPANY, PROSECUTORS, v. LEON A. ANDRUS AND CIRCUIT COURT, IN AND FOR COUNTY OF ESSEX, RESPONDENTS.

Argued October term, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *John Milton.*

For the respondents, *Carlo D. Cella.*

PER CURIAM.

The writ of *certiorari* in this case brings up a state of facts substantially similar to those existing in number 218 of the present term, excepting that the petition for the appointment of the appraisers was submitted on January 3d, 1928. The thirty-day limit within which to make the application expired on January 2d, 1928, which was a legal holiday under the provisions of the laws of this state.

The reason urged for a reversal of the situation presented by the action of the court below is that the petition was presented out of time. In *Atlantic City* v. *Feretti,* 70 *N. J. L.* 489, it was held by this court that the Holiday act did not interdict sessions of the court on a legal holiday, but that its effect was to make holidays *dies non,* as are Sundays, in so far as the transaction of business in the public offices of the state or county is concerned.

The common practice in commencing suits by petition is to file the petition with the clerk of the court, and it has been held that to file a petition in the clerk's office is to "apply by petition to the court." *Hudson Electric Light Co.* v. *Town of Hudson (Mass),* 40 *N. E. Rep.* 109.

The court not being in session on January 2d, the petitioner might therefore have filed his petition with the clerk, were it not that the statute made the day *dies non.*

In *Cressy* v. *Parks,* 75 *Me.* 387; 46 *Am. Rep.* 406, it was observed: "The true rule on this subject is laid down in *In re Gosweiler's Estate,* 3 *Penn.* 200, as follows: 'Whenever by a rule of the court or an act of the legislature a given number of days are allowed to do an act or it is said one act may be done within a given number of days, the day on which the rule is taken or the decision is made is excluded, and if one or more Sundays occur within the time they are counted, unless the last day falls on Sunday, in which case the act may be done on the next day.' To the same effect is the opinion

of the Supreme Court of Rhode Island in *Barnes* v. *Eddy,* 12 *R. I.* 25."

The case of *Edmundson* v. *Wragg,* 104 *Pa. St.* 500; 49 *Am. Rep.* 590, is to the same effect.

The liberality of view expressed in these cases upon the point raised herein is such as to lead us to the result that the action of the Circuit Court in this respect should be affirmed, and the writ of *certiorari* is therefore dismissed.