SOUTHERN POWER COMPANY AND DUKE POWER COMPANY, PROSECUTORS, v. CARLO D. CELLA AND CIRCUIT COURT IN AND FOR COUNTY OF ESSEX, RESPONDENTS.

Argued October term, 1928—Decided December 7, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *John Milton.*

*In Propria Persona, Carlo D. Cella.*

PER CURIAM.

The legal question presented in this case is before us on a writ of *certiorari* which is intended to review an order of

the Essex County Circuit Court, appointing appraisers to determine the market value of fourteen shares of stock issued by the Southern Power Company, and held by the respondent Carlo D. Cella at the time of the merger of the said corporation with the Duke Power Company.

The agreement of merger was filed in the office of the secretary of state December 3d, 1927. On December 29th, 1927, a petition, in which the Southern Power Company was named as defendant, was filed for the appointment of appraisers under sections 108 and 108a of the General Corporation act. The court on the same day fixed January 14th, 1928, as the day of hearing on the said petition and directed that a copy of the order, together with the petition, be served on the Southern Power Company on or before January 4th, 1928. On January 3d, 1928, the court allowed an amendment to the petition, naming the Duke Power Company as defendant, and praying that an order be made prescribing notice of hearing to be given to the said corporation. The court ordered that at least six days' notice of hearing on January 14th, 1928, be given to the Duke Power Company. A notice of hearing was served on the Southern Power Company on December 29th, 1927, and on the Duke Power Company January 4th, 1928.

On January 14th, 1928, after hearing, the court made an order appointing the appraisers. The first reason assigned against this action is that the Southern Power Company was neither a proper nor necessary party to the proceedings. The application for the appointment of appraisers was made on December 29th, 1928, within the time prescribed by the statute. The petitioner then acquired a status in court that entitled him to pray for and recover whatever was connected with and become a necessary incident of the relief afforded by the statute. The amended petition set up no new and distinct cause for relief, and the mere unnecessary description of the Southern Power Company as defendant in nowise prejudiced the Duke Power Company.

The next reason assigned is that the application for appointment of appraisers was not made in the manner provided by the statute, in that the petition failed to allege that neither

of the merging corporations had a right to exercise any franchise for public use, or that the petitioner attended the stockholders' meeting, and did not vote in favor of the merger, and made no mention of the location of the chief office of the corporation.

The statute provides an informal proceeding in matters of this character, which does not require an adherence to the strict rules of pleading. If the petitioner by not attending the stockholders' meeting and voting in favor of the merger estopped himself from asserting, or waived, any right to the relief afforded by the statute, such fact could have been advanced at the hearing as a reason for not appointing the appraisers.

The next reason assigned is that the notice given was not within the time prescribed by the provisions of the statute. The pertinent language of the statute upon this subject (section 108a) is as follows: "Such dissenting stockholder * * * may at any time within thirty days after the adoption and filing of the agreement of consolidation apply by petition to the Circuit Court, on reasonable notice, to be prescribed by said court, to said consolidated corporation, for the appointment of three disinterested appraisers to appraise the full market value of his stock."

The prosecutor contends that this section requires that the petition must be filed, the notice of hearing given, and the hearing had all within thirty days of the filing of the merger agreement. With this construction of the act we do not agree, but apprehend that the reasonable and proper construction of the statute is that the petition be filed within the thirty days, whereupon the court will fix a time and place for the hearing and prescribe the notice to be given to the consolidated corporation.

In construing a somewhat analogous section of the Traction act in the case of *New Jersey and Hudson River Railway Co. v. American Electrical Works*, 82 *N. J. L.* 391, Chancellor Pitney held that "the section contemplates a simple procedure, beginning with a mere petition followed by reasonable notice to the company and without elaborate refinements of any kind.

The section ought to be liberally construed in aid of the proposed remedy, and the procedure under it ought not to be hampered by the imposition of technical conditions that are not expressed in its language."

Our construction of the act in question leads us to the same conclusion. For that reason we think the action of the Circuit Court should be affirmed, and the writ of *certiorari* is therefore dismissed.