SOUTHERN POWER COMPANY ET AL., APPELLANTS, v. CARL D. CELLA ET AL., RESPONDENTS.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellants, *William T. Vanderlipp.*

For the respondents, *Frank Pascarella.*

The opinion of the court was delivered by

PARKER, J. The facts are stated with substantial accuracy in the *per curiam* of the Supreme Court, *ubi supra,* and need not be repeated here. We concur in the views of that court that the time limit of thirty days is meant to be a limit of time within which the dissatisfied party may institute a proceeding by filing a petition in the Circuit Court, whereupon that court will fix a day for hearing and prescribe the notice to be given to the other party. We agree that the proceeding is properly described as informal in character, and should not fail because not definitely brought within the provisions of section 108 or section 108½ of the Corporation act, as the case may be by some allegation in the petition that the corporation has (or has not) the

right to exercise any franchise for public use. The two sections are identical in language so far as respects the right and duty of the stockholder and the procedure.

The Supreme Court seems to intimate that the petition fails to aver that petitioner was present at the merger meeting. But it states that "at the meeting petitioner dissented and still dissents from accepting the terms of said agreement of merger." The plain intendment of this is that he was present, and a reasonable inference is that his dissent was expressed by his adverse vote; certainly not that he voted in favor of the merger, and by the statute all that is needed to establish his status is that he shall not have voted in favor of it and shall have dissented from it.

The claim that the original petition should have named the Duke Power Company as "defendant" seems trivial. Respondent was a stockholder in the Southern Power Company and desired his stock in that corporation to be appraised. It would seem sufficient to state those facts to the Circuit Court, and also that the Southern company was to merge with the Duke company. This was done. To call the Southern company "defendant" was mere surplusage except as indicating it as the company in which petitioner held the stock, and the Supreme Court correctly so held.

The extension of the statutory thirty days to thirty-one days by the intervention of a legal holiday is the important point in the case, and the critical point in the case of Great Falls Power Co. v. Andrus, No. 110 of the present term, submitted with the case now being considered and to be decided by this opinion. See 143 *Atl. Rep.* 834; 7 *N. J. Mis. R.* 3. The merger meeting in each case was on December 3d; normally the last day to file the petition would be on January 2d. But January 1st fell in 1928 on Sunday and by the operation of section 2 of the Holiday act of 1895, page 781 (*Comp. Stat., p.* 3092, § 6), the following day, January 2d, was legally a holiday. The law is clear that a court proceeding due arithmetically on a day which turns out to be Sunday may lawfully be had on the following Monday; but if that day be also a *dies non,* on which the public offices are

closed, as provided by section 1 of the same act, a similar rule should apply. It is true that the civil courts are not prohibited from sitting on New Year's day and similar holidays, but in practice no court as a rule sits on such days, and it would be a fruitful source of confusion not to say injustice if, for example, a petitioner in such a case as this were held obliged to find a judge at his home, private office, or elsewhere, on a legal holiday in order to present the petition and obtain an order setting a day for hearing and prescribing the notice to be given. We hold, therefore as the Supreme Court held, that presentation on January 3d was legally sufficient.

The two judgments under review are therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.