WILLIAM J. ETTRICK, PROSECUTOR, v. STATE BOARD OF
TAX APPEALS, DEFENDANT.

Decided May 1, 1934.

For the prosecutor, *George Rothstein.*

For the defendant, *William A. Stevens,* attorney-general
(*John J. Solan,* of counsel).

BROGAN, CHIEF JUSTICE. This writ brings up for review
the finding and determination of the state board of tax
appeals, adjudging that it was without power to receive tax
appeals that arrived at the office of the board on Monday,
October 2d, 1933, one day after the time fixed by the statute.

The facts in the case are presented in a written stipulation
as follows: That the prosecutor is a resident and taxpayer
in the township of North Bergen; that on or before June
15th, 1933, he appealed from an assessment on his property
to the Hudson county tax board; that as agent for other
taxpayers, he also appealed the assessment on two·hundred
and sixty other parcels of real property situated in the same
township; that in behalf of himself and the other property
owners whom he represented, he appealed from the judgment
of the county board to the state board of tax appeals; that
said appeals were sent by mail, parcel post, on September
28th, 1933, and delivered at the office of the state board of

tax appeals on Monday morning, October 2d, 1933, at nine o'clock, October 1st, being Sunday.

On October 6th, 1933, the prosecutor was advised by the state board of tax appeals that the said petitions of appeal were not received until Monday morning, October 2d, 1933, as aforesaid, and that the board would not accept, file, hear or determine any tax appeals which had not been filed with the said board "on or before midnight, Sunday, September 30th, 1933."

The question before me therefore is briefly this: Was it the duty of the state board of tax appeals to have received these petitions of appeal although they arrived on Monday, the 2d day of October?

The statute provides that anyone who is dissatisfied with the judgment of the county board of taxation, upon an appeal thereto, may further appeal to the state board of tax appeals "on or before the *first* day of October," following the judgment of the county board. See section 704, General Tax act, Revision of 1918. *Pamph. L.* 1918, *p.* 881.

It appears from the return to the writ that the board, because October 1st fell on Sunday, kept its office open until midnight on Saturday, September 30th, 1933, for receiving appeals presented or forwarded for filing. The Tax act itself fails to make any provision for extending the time when the last day for the filing of appeal falls upon Sunday.

Before taking up the main question, however, it should be observed in passing that the board, by ruling that it would not receive tax appeals that were not filed on or before midnight, Saturday, September 30th, 1933, shortened the petitioner's time for filing by one day and even if the appeals were presented on October 1st (Sunday), they could not have been received.

Again, before considering the merits of the case, it will be necessary to dispose of a motion made by the attorney-general, representing the state board of tax appeals, seeking the dismissal of this writ in so far as "said writ provides for a review of the refusal of the state board of tax appeals to receive and file the alleged tax appeals of property owners

other than William J. Ettrick, the prosecutor herein, on the ground that with respect thereto said writ of *certiorari* was improvidently granted in that the above-named prosecutor has no interest or standing legally justifying him to sue out a writ of *certiorari* to have this court review any alleged action of the said board resulting in injury to the owner of property, other than to the said William J. Ettrick."

The Tax act, Revision of 1918 (*Pamph. L.* 1918, *p.* 880, § 701), provides that the said petition "shall be signed and sworn to by the petitioner or his *agent,* &c." These petitions of appeal were signed by the prosecutor, individually, with respect to his own property, and, with regard to other properties, as agent for the owners. That this was done seems clear from the stipulation of facts upon which this case was presented, and it further appears from the stipulation that the appeals were taken in conformity with the pertinent rule of the board. His appearance as agent before the several tribunals having jurisdiction over tax appeals, has the sanction of the statute, *supra,* and he retains that same interest as such in the role of prosecutor of this writ.

The petitions of appeal were rejected not because the prosecutor acted in the capacity of agent, but because the board determined that they arrived too late.

It is true that perhaps the writ might better have been entitled, "William J. Ettrick, individually, and as the agent for others," but this objection is formal rather than substantial. If it had been raised at the time the writ was allowed, the moving papers and the writ would have been amended. If need be, they will be amended now. This motion will therefore be denied.

The next objection on behalf of the defendant is that the prosecutor's remedy was by *mandamus* rather than *certiorari.* I cannot adopt this view of the law. The Tax act (*supra*), section 704, provides that any appellant who is dissatisfied with the judgment of the county board of taxation may further appeal to the state board of taxes and assessments (now the state board of tax appeals) on or before the first day of October next and the state board shall proceed to hear and determine all such appeals and render its judgment, &c.

The functions of the state board are plainly *quasi*-judicial in character. It is not the failure to perform a ministerial act, such as receiving these appeals that is complained of, but it is the determination of the board that it had no power to receive them, under these circumstances, that is under review. Its action in this determination was essentially judicial rather than ministerial. It is apparent that there are very few matters, judicial or *quasi*-judicial in character, which have not attached to them incidents that are of the ministerial order. This writ is directed to the determination that the several appeals, when they arrived by mail, were out of time and would not be considered unless they had been filed on or before midnight, Saturday, September 30th, 1933. Therefore *certiorari* was the proper remedy.

The state board relied for its rejection of these appeals on the case of Hughes et al. *v.* Griffith, which was decided in 1862, and reported in 143 *Eng. Rep.* 129; Common Pleas Book 21. This case lays down the rule that when the last day for the performance of an act *by the court* falls on a day which is *dies non,* that is, a Sunday or holiday, the party has until the first day upon which the *court* may act to have the court perform the act which is necessary. To the same effect was the rule in *Bangor* v. *Somerville,* 1 *N. J. L. J.* 252, in which Mr. Justice Depue held that an appeal brought on Monday was illegal where the last day was Sunday, stating that "Sunday has in no case, we believe, been excluded in the computation of statute time." These, and other cases from federal and foreign jurisdictions, are cited in the opinion of the state board of tax appeals. These authorities present a persuasive basis for the determination of the board and yet I believe the better reasoning and more recent authority lead to a contrary conclusion.

The rule expressed in *Bangor* v. *Somerville, supra,* while it has never been expressly reversed, so far as I can find, yet seems not to have been followed by our courts in later cases. In the case of *Stryker* v. *Vanderbilt,* 27 *N. J. L.* 68 (at *p.* 71), where the question involved the tender of a deed, the contract providing that the deed was to be given on May 1st,

which was a Sunday, the court held that compliance with the contract on Monday was legal performance. In *Feuchtwanger* v. *McCool et al.,* 29 *N. J. Eq.* 151, Chancellor Runyon held that where the last day for filing an answer fell on Christmas Day, which was a legal holiday, the answer being filed on the next day thereafter on which the clerk's office was open, was filed in due time.

The opinion of this court in the case of *Von De Place et al.* v. *Weller,* 64 *N. J. L.* 155; 44 *Atl. Rep.* 874, announces the principle that in the computation of time within which the requirements of a statute is to be complied with where the last day falls upon Sunday or a legal holiday and the act is to be done by *the court* and not by the party, it may be done upon the earliest succeeding day upon which the court can perform the duty imposed upon it. That case involved the approval of an appeal bond by the trial court in an appeal from a District Court judgment. The statute required that the bond be approved and accepted within five days. The fifth day came on Sunday; the District Court, for that reason, refused to accept and approve the bond on Monday and this court awarded a *mandamus* directing the District Court judge to do so.

This same case adverts to the fact that if at common law an act be stipulated or required to be done on a day that falls upon a Sunday or legal holiday, the party has the next day within which to perform it. 3 *Chit. Pr.* 104. The court in that opinion (Von De Place case) approved the doctrine of *Stryker* v. *Vanderbilt, supra,* and said: "We think a similar rule should be considered in requiring acts to be done by *parties* in the course of judicial proceedings. It will best protect the interest of litigants and must, for this reason, be presumed to carry into effect the legislative intent." The court in that case further adverted to the decision of the English court in the case of *Hughes et al.* v. *Griffith, supra,* viz., that there was a distinction between a thing to be done *by the court* as against some act to be done *by the parties,* saying, whether such distinction rests upon any solid foundation seems doubtful. That this is *dicta* can-

not be disputed, but it is based upon what seems to be sound logic and that which will work even-handed justice. By following that reasoning the prosecutor gets his day in court on this case. It is a construction that protects the interests of the litigants and that is an important element in arriving at legislative intent. Our Circuit Courts followed this reasoning in *Williams* v. *Minsavich,* 3 *N. J. Mis. R.* 565; 129 *Atl. Rep.* 410, and in *Melis* v. *Goldstein,* 4 *N. J. Mis. R.* 498, and other cases; see, also, *Great Falls Power Co. et al.* v. *Andrus et al.,* 7 *N. J. Mis. R.* 3; 143 *Atl. Rep.* 834. The view here expressed is in harmony with the reasoning of our court of last resort in the case of *Southern Power Co. et al.* v. *Cella et al.,* 105 *N. J. L.* 573; 143 *Atl. Rep.* 755, where the question was somewhat similar.

The effect of what is called the Holiday act of 1895, page 781 (*Comp. Stat., p.* 3092), is to make each and every Sunday *dies non* so that business in the public offices of this state cannot be transacted. This legislative enactment lends itself to the construction that when the last day for filing a tax appeal falls on Sunday, it may be done on the first business day thereafter.

The result is, therefore, that the determination of the state board of tax appeals and its action in refusing to accept these appeals which came to hand on Monday, October 2d, 1933, the statutory date for filing of appeals, namely, October 1st, having fallen on Sunday, must be set aside.