Rebecca Goldstein *vs.* Harry Steele and Alice Steele.

Justices of the Peace—Process—Acceleration—Affidavit.

Where a justice's judgment was rendered against defendant by default on a summons made returnable forthwith, based on an affidavit of plaintiff's attorney, as distinguished from plaintiff, as provided by statute, that there was danger of plaintiff losing the benefit of process by delay, the judgment was void for lack of jurisdiction of the justice to render it.

(*June* 6, 1911.)

Judges Boyce and Rice sitting.
*Howell S. England* for plaintiff.
*Robert Adair* for defendants.
Superior Court, New Castle County, May Term, 1911.

Rule to show cause why a judgment (No. 477, January Term, 1909), entered upon a transcript from a justice of the

peace, should not be stricken from the records of the Superior Court and vacated.

The facts and questions presented appear in the opinion of the court.

RICE, J., delivering the opinion of the court:

This was an argument on rule to show cause why a judgment should not be stricken from the records of this court and vacated.

The transcript from the justice of the peace, upon which the judgment in this court was entered, sets forth that the "attorney for Rebecca Goldstein, the plaintiff in this action, makes and files an affidavit to the demand and that there is danger of said plaintiff losing the benefit of process by delay." Upon this affidavit the justice of the peace on the twenty-seventh day of February, A. D. 1911, issued summons to the constable, returnable forthwith. The constable made return of "Summoned personally," the same being verified by his oath in writing, and on the same day the defendants failing to appear, the justice of the peace gave judgment by default in favor of the plaintiff and against the defendants. On the same day execution on the judgment was issued to the constable returnable on Saturday, June 3, 1911, and on this execution the constable made return of "No goods" on March 2, 1911. The next day, March 3, 1911, a certified transcript of the docket entries of the judgment and execution thereon, was filed in the prothonotary's office in this county.

The petitioners in the rule, being the defendants in the judgment, pray that the judgment be stricken from the records of this court and vacated, claiming that the judgment is illegal, irregular and void, because the attorney for the plaintiff made and filed the affidavit, and not the plaintiff as required by the statutes of this state. Counsel for the plaintiff admits that the affidavit filed did not comply with the provisions of the statutes, but claims that the judgment should not be stricken from the records and vacated, for the reason that this is not the proper procedure to take, until the judgment below has been reversed by other proceedings.

The court are of the opinion that as the justice's transcript of the docket entries of the judgment, filed in this court, clearly

discloses the fact that the affidavit was not taken by the plaintiff as required by the statutes, the justice of the peace did not have authority or jurisdiction to enter the judgment. *Gray v. Vandyke*, 5 *Houst.* 134; *Dickerson v. Legore*, 6 *Penn.* 462, 69 *Atl.* 1004.

As the authority or jursidiction was lacking in the justice, then the judgment and all proceedings therein are void.

We therefore make the rule absolute and order that the judgment be stricken from the records of this court and vacated.