WILMINGTON GAS COMPANY, p. b. a., *vs.* HARRY ANNEST, d. b. r.

JUSTICES OF THE PEACE—DELAWARE—NEW CASTLE COUNTY.

Under *Rev. Code* 1915, § 4005, providing that no action shall be brought before a justice of the peace in any hundred in New Castle County against one not residing in the same or adjoining hundred, except that any *bona fide* resident of any hundred in that county may bring action before any justice of the peace who may reside in said hundred against any person residing in any hundred in the county, the residence of the parties is jurisdictional in civil trials, and should appear on the record of the justice and in the transcript of the record on appeal.

(*May* 15, 1918.)

Judges RICE and HEISEL sitting.

*Herbert H. Ward* (of Ward, Gray and Neary) for plantiff below.

*Percy Warren Green* for defendant below.

Superior Court, New Castle County, May Term, 1918.

APPEAL from a justice of the peace, No. 9, May Term, 1918.

Action by the Wilmington Gas Company against Harry Annest, before a justice of the peace. Judgment for less than the demand, and plaintiff appeals. Defendant moved to dismiss the appeal. Appeal dismissed.

RICE, J., delivering the opinion of the court:

The Wilmington Gas Company obtained a judgment against Harry Annest, the defendant, before a justice of the peace appointed for Wilmington Hundred, and took an appeal to this court. The defendant moved to dismiss the appeal for the reason that it does not appear from the transcript filed in this court that either the plaintiff or defendant was of Wilmington Hundred or of the Hundred immediately adjoining.

*Section* 4005, *Rev. Code* 1915, provides in part that:

"No action shall be brought or maintained before any justice of the peace, appointed for or residing in any hundred in New Castle County, against any person who does not reside within the same hundred of the said justice of the peace, or within a hundred immediately adjoining.   *   *   *

"Every judgment in any action that may be given or entered by any justice of the peace, appointed for or living or residing in any hundred of the county aforesaid, against any person not living or residing in the hundred of the said justice of the peace, or in a hundred immediately adjoining except for criminal offenses, shall be void.   *   *   *

"Provided, that nothing in this section shall debar any *bona fide* resident of any hundred of said county, who shall have resided therein for sixty days, from bringing action before any justice of the peace who may reside in the said hundred, against any person residing in any   *   *   *   hundred in the county aforesaid for any action authorized by law."

The residence of the parties is a jurisdictional fact in civil trials before a justice of the peace in this county, and under the provisions of the statute, subject to the terms of the proviso above set forth, if the justice enters judgment against any person not living or residing in the hundred of the justice, or in the hundred immediately adjoining, the judgment is void.

Those facts necessary to give the justice jurisdiction of the parties should appear on the record of the justice, and in the transcript of the record on appeal. The failure of the transcript in this case to show either the residence of the plaintiff or defendant to be in the hundred of the justice or in a hundred immediately adjoining, is fatal.

The motion is therefore allowed and the appeal dismissed.