ARTHUR E. PENDERGAST,

*vs.*

FOSTORIA OIL COMPANY.

*New Castle, Oct.* 16, 1919.

Rules of court are made for the prevention of delay, and for expediting and simplifying the trial of causes, but not to prevent trials upon their merits if the party in default can give a reasonable excuse for his failure to comply with the rule.

Where counsel for defendant, after testimony taken before commissioner had been returned to the court and before expiration of thirty days from such return, notified counsel for complainant that a motion would be made to suppress such testimony, complainant was not required, under Court of Chancery Rule 82, to make motion in writing within thirty days after return to have date fixed for hearing the cause.

Heard on motion to dismiss bill of complaint.

*Robert H. Richards*, for complainant.

*George N. Davis*, for defendant.

THE CHIEF JUSTICE (the Chancellor being disqualified to hear the cause). There is a preliminary motion pending in the above-stated case, which should be disposed of. I refer to the application made a few weeks ago by Mr. Davis, solicitor for the defendant, for the dismissal of the bill of complaint filed in the case, because of the complainant's failure to comply with Rule 82 of the Court of Chancery, which reads as follows:

"When the testimony taken before examiners or commissioners have been returned to the Court, then upon motion of either party the Chancellor will fix the time for hearing the cause. If the complainant fails to file such

motion in writing for thirty days after all of the commissions have been returned, and no order of the Chancellor, or stipulation of solicitors approved by the Chancellor, providing otherwise be filed in the cause, then the cause will be deemed to have been abandoned; and the Register in Chancery shall as of course enter on the record a statement that the bill has been dismissed and the costs shall thereupon be paid by the complainant within thirty days."

The complainant resists the motion on the ground that the rule does not, or should not, apply when the defendant by his own act has made compliance with the rule unnecessary. It is claimed, and not denied, that counsel for the defendant after the testimony was taken before the commissioner had been returned to the court, and before the expiration of thirty days from such return, notified counsel for the complainant that a motion would be made to suppress said testimony.

Rules of court are made for the prevention of delay, and for expediting and simplifying the trial of causes, but not to prevent trials upon their merits if the party in default can give a reasonable excuse for his failure to comply with the rule.

I think that counsel for the complainant in this case had good reason to conclude, after receiving said notice, that it was unnecessary to ask that a time be fixed for hearing the cause before the motion to suppress the testimony was disposed of.

The motion to dismiss the bill filed by the complainant is, therefore, refused.