JOHN J. JONES, M. D., *vs.* ERNEST W. HINDERER.

1. JUSTICES OF THE PEACE—RULE TO SHOW CAUSE IS PROPER PROCEDURE TO VACATE JUDGMENT ENTERED ON TRANSCRIPT SHOWING LACK OF JURISDICTION.

Rule to show cause is a proper procedure for vacating judgment of a justice of the peace entered on a transcript affirmatively showing lack of jurisdiction of the justice.

2. JUSTICES OF THE PEACE—SERVICE LESS THAN FOUR DAYS BEFORE DAY OF APPEARANCE INVALIDATES JUDGMENT.

Under the statute requiring service to be made at least four days before the day of appearance, where summons returnable on the 9th day of June was not served until the 5th, such service was not as required, and gave the justice no jurisdiction of the case, so that his judgment entered on defendant's default was void.

3. TIME—TO SERVE PROCESS FOUR DAYS BEFORE APPEARANCE FIRST AND LAST DAY MUST NOT BE COUNTED.

Under the statute requiring service to be made at least four days before the day of appearance, full time must be allowed, not counting first or last day.

(*January* 28, 1920.)

HEISEL, J., sitting.

*Herbert H. Ward, Jr.,* (of *Ward, Gray and Neary*) for plaintiff.
*Robert Adair* for defendant.

Superior Court for New Castle County, January Term, 1920.

Statement—Opinion.

Action by John J. Jones, before a justice of the peace against Ernest W. Hinderer. Judgment for plaintiff. Execution issued with return of no goods. Certified transcript of docket entries of judgment and execution filed with the prothonotary. Judgment (No. 491, May term, 1918) entered thereon, under *Rev. Code* 1915, § 4033. On rule to show cause why the judgment should not be vacated and stricken from the record. Rule made absolute.

Heisel, J.:—This is a rule to show cause why a judgment of this court entered upon a transcript from a justice of the peace docket should not be vacated and stricken from the record. The transcript discloses that the summons was issued on June 4, 1917, returnable June 9, 1917, and served personally on the defendant June 5, 1917. Defendant failed to appear and the justice of the peace gave judgment against him by default. After issuing an execution and return of *nulla bona* thereon the judgment was entered here.

[1-3]　Counsel for plaintiff moved to dismiss the rule on the ground that the proper procedure was by certiorari, citing *Wood v. Dickerson*, 3 *Pennewill* 23, 50 *Atl.* 215, in which case it did not appear from the transcript that the service of the summons had been verified by the oath of the constable in writing, and the court said that a full copy of the whole record, such as would be sent up on certiorari, might cure the defect and, therefore, certiorari was the better procedure; but in *Goldstein v. Steele*, 3 *Boyce* 125, 80 *Atl.* 522, where lack of jurisdiction of the justice affirmatively appeared in the transcript, the court held the rule to show cause to be a proper procedure for vacating a judgment entered upon such transcript. In this case it appears by the transcript that the summons was served on the fifth day of June, returnable on the ninth day of the same month. The statute requires the service to be made "at least four day before the day of appearance." Where the required service must be not less than a fixed number of days before the day of appearance, the service must be made at such time before the day of appearance as to allow the full number of days required between the service and appearance without counting either the day on which the service is made or the day for the

appearance or return.    1. *Woolley* § 186; *Robinson v. Collins*, 1 *Har.* 498; *Warrington v. Tull*, 5 *Har.* 107; *Chambers, Trustee, v. Jones et al.*, 1 *Pennewill* 209. 39 *Atl.* 1098; *Content v. Addicks*, 4 *Pennewill* 221, 57 *Atl.* 291.

It appearing from the record that service of the summons in this case was not made at least four days before the day of appearance, as required by the statute, the justice did not have jurisdiction, and, therefore, the judgment and all proceedings thereon are void.

Let the rule be made absolute and the judgment vacated and stricken from the records of this court.