MAX WEINTRAUB *v.* LAWRENCE RUDNICK and WADGSLAWA RUDNICK.

(*October* 5, 1928.)

PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and ROD-
NEY, J. J., sitting.

*Alexander Jamison* for plaintiff-respondent.

*Percy Warren Green* for defendant-petitioner.

Court in Banc, New Castle County, November Term, 1927.

No. 496, May Term, 1923.

RODNEY, J., delivering the opinion of the court:

The preliminary question as to the propriety of the present form of proceeding may be briefly considered. This is now no new question, but this court in *Goldstein v. Steele,* 3 *Boyce* 125, 80 *A.* 522, and *Jones v. Hinderer,* 7 *Boyce* 516, 108 *A.* 737, determined that a motion to strike off the judgment is a proper proceeding where the lack of jurisdiction of the justice appeared from the transcript.

The remaining question before the court is a very narrow one. There is no doubt but that in New Castle County the jurisdiction of a justice of the peace is limited, with exceptions not here material, to the hundred of his residence and the adjoining hundred. The statute (*section* 4005) expressly so states. This residence of the defendant, then, is jurisdictional and, being so, it must affirmatively appear upon the record of the justice as one of his docket entries. This has been so held in many cases—both in certiorari and appellate proceedings. *Barr v. Logan,* 5 *Harr.* 52; *Wilmington Gas Co. v. Annest,* 7 *Boyce* 111, 103 *A.* 751; *Records v. Allen,* 1 *Marv.* 268, 40 *A.* 1113; *Foley v. Kelly,* 2 *Marv.* 148, 42 *A.* 451.

As a basis of an appeal from a justice of the peace, the appellant must file "a duly certified transcript of all the docket entries" (*section* 4036). Our courts in New Castle County have repeatedly dismissed appeals where the transcript of the docket entries did not show the residence of the parties and thus the jurisdiction of the justice of the peace. These dismissals were upon the ground that there had been no valid judgments before the justice and hence no basis for appeals.

To transfer a judgment from a justice of the peace under *section* 4033, the present proceeding, the judgment creditor must

"file a duly certified transcript of the docket entries of the judgment and execution."

In so far as this case is concerned there is no material difference between the requirements of the transcript under the two sections. One requires a transcript of "all the docket entries" and the other of "the docket entries of the judgment and execution." In both the residence of the parties is jurisdictional because the jurisdiction of the justice to hear the case and render the judgment depends upon the residence of the parties. In both cases a transcript of the judgment must be filed. A transcript is a copied writing consisting of the same words as the original. *Smith v. Algona Lumber Co.,* 73 *Or.* 1, 136 *P.* 7, 143 *P.* 921; *Escavaille v. Stephens,* 102 *Tex.* 514, 119 *S. W.* 842; *Waitman v. Bowles,* 3 *Ind. T.* 294, 58 *S. W.* 686. In *Lore v. Hambleton,* 2 *Harr.* 474, the court speaks of a transcript as a "certified copy of a subsisting judgment."

A judgment rendered by a justice of the peace in New Castle County where the record does not show the jurisdictional fact of the residence of the parties is invalid as a judgment. *Wilmington Gas Co. v. Annest,* 7 *Boyce* 111, 103 *A.* 751. Being invalid before the justice it cannot be made a valid judgment in the Superior Court by the mere filing of a transcript.

That a transcript filed under *section* 4033 of the *Revised Code* must show the jurisdiction of the justice as to the residence of the parties and that the present proceeding is the appropriate one is apparent from a consideration of the matter from another viewpoint. Where the record of the justice does not show the residence of the parties no appeal will lie. *Wilmington Gas Co. v. Annest,* 7 *Boyce* 111, *supra.*

The filing of the transcript under *section* 4033 raises the judgment of the inferior court to a judgment of the Superior Court and no proceedings can be had on the judgment below after its entry here. The statute does not give two judgments in the two courts for the same debt subsisting together. Such is the holding of *Herdman v. Cann,* 2 *Houst.* 41. This case and the reasoning of it seems not to have been brought to the attention of the court in *Wood v. Dickerson,* 3 *Penn.* 23, 50 *A.* 215. See, also, *Daniels v. Alex-*

*ander,* 2 *Houst.* 39; *Hill v. Brown,* 4 *Harr.* 519; *Lore v. Hambleton,* 2 *Harr.* 474.

If, then, the record of the justice is invalid for want of the jurisdictional averment of residence and the defendant be denied thereby the recourse to appellate proceedings and if he be denied also resort to certiorari by reason of the filing of the transcript and the transfer of the judgment then indeed the present proceeding is his proper remedy. If this was not true an invalid judgment would be preferable to a valid one.

We are of the opinion that the present proceeding is the proper one and that a transcript filed in New Castle County under *section* 4033 must set out jurisdiction of the justice as to the residence of the parties.

It is the opinion of the Court that the rule heretofore issued to show cause why the judgment should not be stricken from the record should be made absolute and the petition to strike the judgment from the record should be granted.