PRICE, Sheriff, v. BANES.

No. 22985. April 9, 1935.

Rehearing Denied June 25, 1935.

Second Petition for Rehearing Denied Sept. 10, 1935.

Font L. Allen and J. P. Evers, for plaintiff in error.

W. A. Chase, for defendant in error.

OSBORN, V. C. J. This action was filed in the court of common pleas of Tulsa county by Merwyn Banes, by and through her mother, next friend and guardian, Gertrude Pohlman, hereinafter referred to as plaintiff, against Charles Price, sheriff of Tulsa county, hereinafter referred to as defendant, as an action in replevin to recover an automobile held by said sheriff under a writ of execution issued out of the district court of said county. The trial court held that the execution was void and rendered judgment for plaintiff, from which defendant appeals.

The record shows that one W. E. Hanna on June 2, 1929, obtained a judgment against O. H. Pohlman and Gertrude Pohlman, husband and wife, in the court of common pleas of Tulsa county; that a transcript of the judgment was filed in the district court of Tulsa county. On August 4, 1930, an execution was issued out of said district court directed to the defendant as sheriff, and he levied upon the automobile in question. Defendant contends that, although the title to said automobile is in plaintiff, it was transferred to her by her mother without consideration and

for the purpose of evading payment of the judgment in question and the transfer was null and void. The sole question for decision in this case is whether or not the clerk of the district court of Tulsa county is authorized to issue an execution on a judgment transcribed from the court of common pleas of Tulsa county.

The court of common pleas was created within Tulsa county by chapter 51, Session Laws 1923. The act was amended in some particulars in 1925 and in 1927, but the particular section herein involved was not amended and appears as section 3941, O. S. 1931. Section 9 of the act provides as follows:

"Section 9. No judgment rendered in said court of common pleas shall attach as a lien upon real estate until transcript thereof, or certified copy of the journal entry of judgment in said cause, shall be filed as hereinafter provided, in the district court in the county in which such court of common pleas is hereby established.

"Every person in whose favor a judgment is rendered in said court of common pleas, may, upon paying the fee therefor, and all unpaid fees payable to the clerk in such action, demand and shall receive from such clerk a transcript of such judgment, duly certified, or a certified copy of the journal entry of judgment in said cause, and may file the same in the office of the court clerk of the district court in said county, who shall file and docket the same as in cases of transcripts of judgments in the courts of justices of the peace. And every such judgment shall become a lien upon the real estate of the debtor, from the filing of such transcript or certified copy of journal entry of judgment, to the same extent as a judgment of the said district court. The clerk of said court of common pleas shall not issue such transcript while a writ of execution is outstanding in the hands of an officer or otherwise; and shall note on the record of such judgment the fact that such transcript has been given."

The statutes applicable to filing transcripts of judgments from the justice court or county court, as they appear in O. S. 1931, are as follows:

"Section 506. In all cases in which a judgment shall be rendered by a county court or justice of the peace, the party in whose favor the judgment shall be rendered may file an abstract or transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall on the day on which the same shall be filed, enter the case on the appearance docket, together with the amount of the judgment and time of filing the abstract or transcript; and shall also enter the same on the judgment docket,

as in case of a judgment rendered in the court of which he is clerk.

"Section 507. Such judgment shall be a lien upon the real estate of the judgment debtor, from the day of filing the abstract or transcript, in the same manner and to the same extent as if the judgment had been rendered in the district court.

"Section 508. Execution may be issued thereon, to the sheriff, by the clerk of the district court, in the same manner as if the judgment had been taken in that court; and the sheriff shall execute and return the same, as other executions; and in case of sale of real estate, his proceedings shall be examined and approved by the court as in other cases."

These statutes appear in C. O. S. 1921 as sections 759, 760, and 761. They also appear as sections 5217, 5218, and 5219, in Revised Laws 1910. Similar statutes appear as sections 4412, 4413, and 4414, Statutes of Oklahoma 1893. It is noted, however, that the 1893 statutes refer only to judgments rendered by justices of the peace, and prior to the adoption of Revised Laws of 1910 the procedure as outlined by these statutes had no application to judgments obtained in the county court and transcribed to the district court.

It will be noted also that said sections 506, 507, and 508 are all interrelated, are procedural and all deal with the same general subject, to wit, the method and means of creating a lien by a judgment rendered in a court other than the district court of the county, and the enforcement thereof. The necessity for such procedure statutes arises by reason of the fact that the county court, the court of common pleas, and the justice court are limited in their jurisdiction and none of them have jurisdiction over the title to real estate. It was recognized by the Legislature that purchasers of real estate were entitled to have some certainty and assurance against liens of judgments which might affect real estate and it sought to centralize the lien of said judgments in one office, to wit, the court clerk of the county wherein such real estate was situate, instead of requiring such purchaser to examine the dockets of all of the various courts. Hence said interrelated statutes were enacted providing for the filing of a transcript, the existence of the lien, and further providing that execution might be issued by the court clerk in the same manner as if the judgment had been taken in said court and providing for return of such execution to said court and the approval of said proceedings by said court. It was an orderly procedure provided to accomplish the objects above mentioned.

By the provisions of section 5, p. 90, chapter 51, S. L. 1923, as amended by chapter 183, sec. 2, p. 286, S. L. 1925, it is provided:

"Where no provision is otherwise made in this act and except as expressly excepted in this act, said court of common pleas and the judges thereof shall be vested with all of the powers which are possessed by the district courts of the state and the judges thereof; and all laws of a general nature shall apply to said court of common pleas so far as the same can be made applicable and not inconsistent with the provisions of this act."

It was the intention of the Legislature in providing that transcripts of judgments of the court of common pleas should be filed and docketed "the same as in cases of transcripts of judgments in the court of justices of the peace" and in providing that laws of a general nature should apply as far as the same could be made applicable, to make the procedure for enforcing said judgment so transcripted, which has been in existence since 1893, apply to such transcripted judgments from the court of common pleas.

Plaintiff in asserting that said execution is void relies upon the provisions of section 437, O. S. 1931, which is an amendment of section 690, C. O. S. 1921, the latter being section 5941, Comp. Laws 1909, section 5148, Rev. Laws 1910, and section 4310 of the Statutes of 1893. Plaintiff also relies upon the case of Garnett v. Goldman, 39 Okla. 516, 135 P. 411. Said case is not controlling for the reason that it specifically points out that the court was not considering sections 506, 507, and 508, supra. Therein it is said:

"What has been said expresses our view of the law as it stood prior to the adoption of the Revised Laws of 1910. Sections 4412, 4413, 4414, St. Okla. 1893, referred only to judgments of justices of the peace, while sections 5217, 5218, 5219, Revised Laws 1910, have changed the former statutes so as to include judgments rendered by county courts. Section 432, art. 17, c. 66, St. Okla. 1893, as amended by the Act of March 15, 1905 (Sess. Laws 1905, pp. 320, 321; section 5941, Comp. Laws 1909), was changed by section 5148, Rev. Laws 1910, which expressly permits executions to be issued from the court in which a transcript of a county court judgment is first filed. This statute, however, can have no application here, not being in force at the time of the issuance of the execution under which the sale was attempted."

We therefore conclude that the court clerk of Tulsa county was authorized to issue execution in said cause.

The record shows that there are certain issues of fact involved herein wh'ch were not considered by the trial court.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

McNEILL, C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., dissent. PHELPS, J., absent.