CHARLES TIRE COMPANY *v.* ELWOOD E. OWENS.

(*June* 5, 1936.)

LAYTON, C. J., and RICHARDS, J., sitting.

*Marguerite Dugan Bodziak* for defendant, petitioner.

*Evangelyn Barsky* for plaintiff, respondent.

Superior Court for New Castle County, No. 635, November Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

This court in *Wood v. Dickerson*, 3 *Penn.* 23, 50 *A.* 215, discharged a rule in a case such as this for the reason that the proper remedy was by *Writ of Certiorari.* Thereafter, in two cases, *Goldstein v. Steele*, 3 *Boyce* (26 *Del.*) 125, 80 *A.* 522, and *Jones v. Hinderer*, 7 *Boyce* (30 *Del.*) 516, 108 *A.* 737, the court held that the proper procedure was by a petition for a rule to show cause why the judgment should not be vacated; and in *Weintraub v. Rudnick*, 4 *W. W. Harr.* (34 *Del.*) 111, 143 *A.* 456, the Court in Banc, reviewing the cases, confirmed this procedure.

The petitioner has attacked the Justice's record for want of showing of jurisdiction in several particulars, but his chief reliance is for that the record fails to show the residence of himself, the defendant.

In New Castle County, the jurisdiction of a justice of the peace in civil cases is confined to actions against defendants who reside in the same Hundred of the justice or in a Hundred immediately adjoining (*Rev. Code* 1915, § 4005). The residence of the defendant in an action is a

jurisdictional fact, and it must affirmatively appear upon the record of the justice as one of the docket entries. *Weintraub v. Rudnick, supra.*

There is no entry in the record with respect to the residence of the defendant except that, under his name, in the caption, appear, "R. F. D. New Castle, Del."

There is nothing in the statute to suggest that the word, "residence," was intended other than to denote the fact that a person dwells or has his settled abode in a given place. The most that can be said of the entry is that it indicates a mail address, that a letter thus addressed would be delivered from the New Castle Postoffice through one of its rural free delivery routes. This is far from showing the residence of the defendant to be in New Castle Hundred or in a Hundred immediately adjoining. Nor can the Court know judicially the extent and ramifications of rural free delivery routes.

The judgment, being invalid before the justice, is, of course, invalid in this Court.

The rule is made absolute, and the judgment is vacated.