WILLIAM I. McCoy *v.* LUCIE B. HICKMAN.
WILLIAM I. McCoy *v.* LEROY W. HICKMAN.

(*October* 9, 1940.)

LAYTON, C. J., and TERRY, J., sitting.

*Walter J. Willis* for petitioner.

*Joseph A. L. Errigo* for respondents.

Superior Court for New Castle County, September Term, 1940.

LAYTON, C. J., delivering the opinion of the Court:

Where it is sought to constitute a civil judgment rendered by the Court of Common Pleas for New Castle County a lien on real estate, the statute (5817, *Rev. Code* 1935) adopts the procedure established by *Section* 4520 applicable to judgments rendered by Justices of the Peace.

The filing of the transcript of the docket entries of the judgment and execution in the office of the Prothonotary of the County raises the judgment of the inferior Court to the dignity of a judgment of the Superior Court with all the incidents of a judgment of this Court; and no proceedings can be had on the judgment below after its entry here, for it was not intended by the statute that there should be two judgments for the same debt. *Herdman v. Cann*, 2 *Houst.* 41; *Weintraub v. Rudnick et al.*, 4 *W. W. Harr.* (34 *Del.*) 111, 143 *A.* 456.

It is well settled that a judgment rendered by a

Justice of the Peace is void where want of jurisdiction appears from the record; and no legal effect is given to such judgment by the mere filing of a transcript of the record in the Superior Court. *Weintraub v. Rudnick et al., supra.*

A proceeding in this Court to vacate or strike off a judgment of a Justice of the Peace entered here on a transcript of the record which shows on its face lack of jurisdiction of the inferior court is a proper proceeding. *Goldstein v. Steele,* 3 *Boyce* 125, 80 *A.* 522; *Jones v. Hinderer,* 7 *Boyce* 516, 108 *A.* 737.

The same principles of law apply to judgments rendered by the Court of Common Pleas, and the same procedure may be followed for the purpose of vacating a judgment of that Court entered here on a transcript.

Due process of law means law in accordance with the fundamental principles of justice, and its essence is notice and an opportunity to be heard before judgment. *Spoturno v. Woods,* 8 *W. W. Harr.* (38 *Del.*) 378, 192 *A.* 689. Judicial process is indispensable to jurisdiction. The law provides two methods of service of process: one is actual service, as by reading the original process to the defendant or delivering to him a copy thereof; the other is a substitutional or constructive service, as by leaving a copy of the process at the defendant's residence when he is absent, or by some form of notice by mail or publication as the statute may direct.

Personal service is the primary method of obtaining jurisdiction over the person of a defendant; and, in the absence of a statute authorizing a substitutional method, service of process must be personal. *Webb Packing Co. v. Harmon,* 8 *W. W. Harr.* (38 *Del.*) 476, 196 *A.* 158; 21 *R. C. L.* 1269.

By *Section* 5815 of the *Code* all civil actions in the

Court of Common Pleas for New Castle County are commenced by filing in duplicate a verified statement of the plaintiff's claim. Thereupon, the Clerk issues a summons requiring the defendant to appear and file an answer *within ten days after service of the statement upon him*. There is no other provision of the statute creating the court that relates to the service of process issuing therefrom. No alternative method of service is provided, and unless authority for a substitutional service can be found in some other statute, it is clear, on reason and authority, that the service of process issuing out of the Court of Common Pleas must be personal for the purpose of vesting in the Court jurisdiction over the person of the defendant.

The respondent contends that such authority is to be found in *Chapter* 124 of the *Code*, entitled, "Commencement of Actions." Section 4576 provides that every writ for the commencement of an action shall bear date on the day it was issued, and shall be returnable on the first day of the term next thereafter. *Section* 4578 provides that a writ of summons may be served on the defendant by stating the substance of it to him personally, or by leaving a copy of it at his usual place of abode, in the presence of some white adult person, six days before the return thereof.

The argument is that these provisions of law were in force at the time of the passage of the Act creating the Court of Common Pleas; that they do not refer specifically to actions commenced in the Superior Court; that it was the manifest intention of the Legislature in establishing the Court of Common Pleas to confer upon it concurrent jurisdiction with the Superior Court as to certain actions; therefore, it follows that service of process issuing from that Court was intended to be governed by the general statute relating to the commencement of actions.

The argument is not acceptable. The recited provi-

sions of *Chapter* 124 of the present *Code* have been in force since the codification of 1852. At that time the Superior Court was the only law court of general jurisdiction to which the requirements for service of process could apply. The common law method of commencing an action at law by suing out an original writ, defining merely the form of the action but not the specific wrong or breach of contract complained of, was in force. Certainly the provisions of the law were not intended to apply to suits commenced in the Court of Chancery as will appear from the statutes relating to that Court; nor were they applicable to actions commenced before Justices of the Peace, for a particular method of substituted service was provided for in the inferior court. The statutes have never been amended, and there is nothing in the language to suggest that they were intended to apply generally to actions commenced in such inferior courts as might be established by the Legislature.

Under the general statute it is sufficient if the substance of the writ is stated to the defendant personally. By the particular statute, stating to the defendant the substance of the writ, or reading it to him, or even delivering to him in person a copy, does not constitute service of process, for the clear requirement is that a copy of the plaintiff's statement of claim must also be delivered to him. By the general statute, the substituted service must be effected six days before the return day of the writ which is, by the statute, the first day of the next term thereafter. By the particular statute, there are no terms of Court, and the defendant is granted ten days after service of the statement of claim upon him to appear and file an answer.

It is clear from the Sheriff's return that he was satisfied that he could not safely rely on either one of the statutes. He attempted to follow their composite directions.

He recites that he left a true copy of the writ at the usual place of abode of the defendant in the presence of a white adult person, so far following the direction of the general statute. But, apparently, he established the return day himself, not the first day of the next term, for the Court has no terms, but arbitrarily, on the eighteenth day of March, 1940. The Sheriff also recites that, at the same time and place and in the presence of the same person, he left a copy of the plaintiff's statement of claim, not that he delivered the copy to the defendant. Neither statute was obeyed.

The requirements of the two statutes are so dissimilar and inconsistent that it may be said with confidence that the Legislature did not intend that the provisions of the general statute relating to the service of process should apply to process issuing from the Special Court of Common Pleas.

It is within the province of the Legislature, undoubtedly, to limit the jurisdiction of a court created by it to actions in which the defendant is brought before it by personal service of process. A Court cannot confer jurisdiction upon itself by adopting a practice that admits of a substituted service in the absence of an authorizing statute; and if, in the circumstances, inconvenience has resulted and a remedy is needed, it is to the Legislature that application must be made. The Court may not, under the guise of construction, read into the statute a method of substituted service of process where not only there is no such method provided, but where also, by clear language, personal service of the plaintiff's statement of claim is indicated.

Jurisdiction over the defendant was not obtained by the Court of Common Pleas. Its judgments were void in that Court, and are void here.

It is accordingly ordered that judgments numbers 693 and 694 as of the May Term, 1940, be vacated and stricken from the record.