## WOLFE v. SMITH.

No. 30983. March 14, 1944.

Rehearing Denied April 11, 1944.

Application for Leave to File Second Petition for Rehearing Denied
May 9, 1944.

*148 P. 2d 161.*

Arden E. Ross, of Tulsa, for plaintiff in error.

J. S. Severson, of Tulsa, for defendant in error.

Wash E. Hudson, Samuel A. Boorstin, Frank Settle, Eugene O. Monet, and E. M. Lee, all of Tulsa, amici curiae.

GIBSON, V. C. J. This is an action in ejectment and to recover damages. The trial court directed verdict for plaintiff, and entered judgment against defendant for possession and damages, and he appeals.

On March 31, 1931, the Pittsburgh Plate Glass Company obtained a money judgment against plaintiff Smith in the court of common pleas of Tulsa county, and on April 4, 1931, filed an abstract or transcript thereof in the office of the clerk of the district court of said county, in the manner provided by law, in order to establish a judgment lien on the real estate belonging to Smith. Sections 3933-3950, O. S. 1931 (amended, 20 O. S. 1941 § 651-668).

Thereafter, May 9, 1931, the judgment creditor caused execution to issue against Smith out of the court of common pleas, and said execution was thereupon levied on the land in question which then belonged to Smith, and the same was appraised, advertised, and sold according to law, to said judgment creditor. Return of sale was duly made to the court, but for some unexplained reason no order of confirmation was entered until October 4, 1941. And shortly thereafter sheriff's deed was executed and delivered to the purchaser aforesaid.

In the meantime the purchaser had conveyed the land to defendant Wolfe by quitclaim deed bearing date October 7, 1931. The deed failed to describe the premises correctly, but Wolfe took possession thereof and enclosed the same inside a fence with other lands belonging to him. On October 6, 1941, after the issuance of the sheriff's deed, and subsequent to the commencement of this action, the Pittsburgh Plate Glass Company executed another quitclaim deed to Smith containing a correct description of the land.

The trial court held the sheriff's sale void, and awarded plaintiff judgment for possession and for damages.

The judgment was based upon the theory that the court of common pleas, immediately upon the filing of the transcript of judgment in the district court, lost jurisdiction of the cause and that the execution issued out of that court and all proceedings thereunder were void.

The action of the trial court in so holding constitutes the principal assignment of error.

Plaintiff takes the position that the

district court subsequent to the filing of the transcript therein was vested with exclusive power to issue execution on the judgment and to conduct the levy and sale thereunder.

Defendant says that the court of common pleas had not been divested of its power in the matter, but, by reason of the statutes, the district court had only concurrent jurisdiction with the former court.

The statutes as they existed at the time these matters arose conferred jurisdiction upon the court of common pleas as a court of record to render money judgments such as the one upon which the execution in question was issued (sec. 3933, supra; as amended, 20 O. S. 1941 § 651). It had full power and authority to issue all process, civil and criminal, necessary and proper to carry into effect the jurisdiction given it by law and its judgments and other determinations, and all powers usually possessed by courts of record at common law, except certain powers not here material (sec. 3937, supra; now 20 O. S. 1941 § 655).

Section 3941, supra (later repealed), provided that no judgment of said court should attach as a lien on real estate until a transcript thereof or certified copy be filed in the district court of the county wherein the judgment was rendered. And said section provided further, as follows:

"Every person in whose favor a judgment is rendered in said Court of Common Pleas, may, upon paying the fee therefor, and all unpaid fees payable to the clerk in such action, demand and shall receive from such clerk a transcript of such judgment, duly certified, or a certified copy of the journal entry of judgment in said cause, and may file the same in the office of the court clerk of the District Court in said county, who shall file and docket the same as in cases of transcripts of judgments in the courts of justices of the peace. And every such judgment shall become a lien upon the real estate of the debtor, from the filing of such transcript or certified copy of journal entry of judg-

ment, to the same extent as a judgment of the said District Court. The clerk of said Court of Common Pleas shall not issue such transcript while a writ of execution is outstanding in the hands of an officer or otherwise; and shall note on the record of such judgment the fact that such transcript has been given." (See 20 O. S. 1941 § 659-a, substituted section.)

The statutes creating the courts of common pleas and fixing their jurisdiction do not specifically authorize the issuance and levy of execution out of the district court after transcripts of the judgments are lodged there. However, in Price v. Banes, 173 Okla. 302, 43 P. 2d 476, this court held that after the transcript was filed in district court as authorized by section 3941, supra, the court clerk was empowered to issue execution on the judgment in the same manner and to the same extent as if the judgment had been originally rendered in the district court.

That decision was reached after a construction of the act creating the courts of common pleas in connection with the sections relating to the transcript of judgments of justices of the peace to the district court (secs. 506, 507, 508, O. S. 1931, 12 O. S. 1941 §§ 904, 905, 906). Those sections were made to include judgments of the county courts by the revision of the 1910 code. Said section 508, referring to the transcripted judgments of county courts and those of justices of the peace, provided that "execution may be issued thereon, to the sheriff, by the clerk of the district court, in the same manner as if the judgment had been taken in that court." In Price v. Banes, above, we said that the Legislature intended by the provisions of sections 3937 and 3941, supra, to make the above quoted provision applicable to judgments of the court of common pleas.

But this court has not held that the filing of a transcript of a justice court judgment in the district court deprives the justice of further power to issue execution thereon. However, the Supreme Court of Kansas has held that the filing

of the transcript in district court does deprive the justice of the peace of power to issue execution. Rahm v. Soper, 28 Kan. 529. That decision was based upon an interpretation of the sections relating to the filing of transcripts of judgments of justices of the peace in district court. Our statutes, sections 506, 507, 508, O. S. 1931, above, were adopted from Kansas, except the Kansas statute did not include judgments of county courts or other courts of record. The decision, however, was based principally upon another section of the Kansas statutes, section 4990, Gen. Stat. 1889, dealing exclusively with the duties of justices of the peace in the matter of enforcing their judgments. That section was adopted by this state and now appears as 39 O. S. 1941 § 282. It reads as follows:

"It shall be the duty of the justice, if the case be not appealed, taken upon error, docketed in the district court, or bail has not been given for the stay of execution, at the expiration of ten days from the entry of the judgment, to issue execution without a demand, and proceed to collect the judgment, unless otherwise directed by the judgment creditor."

Referring to that statute, the Kansas court said:

"Within the express terms of this section, after a case has been docketed in the district court, it no longer becomes the duty of the justice to issue execution in the absence of a demand. As the docketing of the judgment in the district court transfers the judgment to that court, and as by such transfer it becomes subject to the same rules, and vested with the same powers, as though originally rendered in that court, the judgment creditor after such transfer must look to that court for the means of enforcing the collection of the judgment, and cannot demand execution under section 137 of the justices' act. This certainly was the intention of the Legislature, and this construction of the statute renders the provisions of the Code and the sections of the justices' act concerning this subject matter harmonious."

We call attention to the fact that no statute purports to deprive the court of common pleas, or any other court of record, of further power to issue process on its judgment after transcript thereof is filed in district court. But, as to justice courts, the justice is under no duty to issue execution on the court's own motion or on demand of the judgment creditor after the judgment is docketed in district court. Therefore, as was said by the Supreme Court of Kansas, it is to be presumed that the Legislature intended that the justice's power ceases on the docketing of the judgment in district court, since the litigant could force no action in the justice court thereafter.

Whether we adopt the Kansas decision as controlling in this state is of little importance in the present action. That case involved only judgments of justices of the peace; and justice courts are not courts of record. The statute, section 282, supra, creates an inescapable implication that the justice's power to issue execution, after the judgment is filed in district court, abates. The decision would therefore appear to be free from the criticism of extrajudicial statutory construction.

But the express power of a court of record, such as is the court of common pleas, to enforce its judgments by proper process, should not be abridged by the courts in the absence of express, or necessarily implied, statutory authority.

The court of common pleas was given express authority to enforce its judgments as a court of record at common law, subject to any modification by statute (sec. 3937, supra). That power, so far as concerns the issuance and levy of execution, has not been modified by express statutory provision. Nor has it been modified by statutory implication, unless it may be said that such implication is found in the following provisions of the act creating the court, which we quote: "and all laws of a general nature shall apply to said court of common pleas so far as the same can be made applicable and not inconsistent with the provisions of this act." (Sec. 3937, su-

pra.) And, further, referring to the transcript of judgment: "and may file the same in the office of the court clerk of the district court in said county, who shall file and docket the same as in cases of transcripts of judgments in the courts of justices of the peace." (Sec. 3941, supra.)

It will be noted that the last quoted provision requires the court clerk merely to file and docket the judgment as he would a judgment of a justice court. Nothing is said with reference to issuance of execution, or the right of the judgment creditor thereafter to demand issuance by the court of common pleas. That right is denied the creditor in the justice court. Sec. 282, supra. We have heretofore held that the court clerk as clerk of the district court had implied power to issue the writ on the judgment as a judgment of the district court. Price v. Banes, supra. But, the mere power to file and docket the transcript, with the implied power to issue execution out of the district court, should not be held to imply that the court of common pleas was thereby divested of one of its principal prerogatives, the power to enforce its judgment by writ of execution.

The statute dealing generally with docketing judgments of one court of record in another for the purpose of creating judgment liens (12 O. S. 1941 § 706) contains the following provision: "Executions shall only be issued from the court in which the judgment is rendered, or in which a transcript of a county court judgment is first filed." There is nothing in the act creating the court of common pleas from which to imply that the filing of the abstract of judgment of that court in the district court was intended to modify the above quoted provision to the end that the court of common pleas should be divested of its power to enforce its judgment after a transcript thereof is filed in district court.

Section 3937, supra, makes the courts of common pleas, as to all matters within their jurisdiction, equal to the district courts. That section shows a clear intention that the general powers of the court of common pleas as a court of record are not to be abridged or modified unless expressly permitted by the act. The section reads as follows:

"Where no provision is otherwise made in this Act and except as expressly excepted in this Act, said court of common pleas and the judges thereof shall be vested with all of the powers which are possessed by the district courts of the state and the judges thereof; and all laws of a general nature shall apply to said court of common pleas so far as the same can be made applicable and not inconsistent with the provisions of this Act; and the jurisdiction of this court shall be coextensive with the limits of the county where situated. Said court shall have full power and authority to issue all process, both civil and criminal, necesary and proper to carry into effect the jurisdiction given it by law and its judgment and other determinations, and shall have and possess all the powers usually possessed by the courts of record at common law subject to the modifications of the statutes of this state applicable to courts of record, except that it shall not have jurisdiction to issue writs of quo warranto, ne exeat or prohibition."

By the terms of said section 3937 we are prohibited from reading into the act by implication any legislative intention that upon the filing of a transcript of its judgment in the district court the court of common pleas is thereby deprived of the power to enforce its judgment by proper process.

That portion of the last cited section which says that "all laws of a general nature shall be made to apply to said court of common pleas," etc., refers to all such laws as apply generally to courts of record, and not, as suggested by plaintiff, to the statutes relating to the filing of abstracts of judgments of justices of the peace in the district court.

It is contended that the provision in section 3941, supra, to the effect that the clerk of the court of common pleas shall not issue a transcript of a judgment while a writ of execution is outstand-

ing, is sufficient to warrant an inference that the Legislature intended that no execution issue out of the court of common pleas subsequent to the transcript of the judgment. But we do not so interpret the provision. Had the Legislature so intended, an express statement to that effect easily could have been inserted. In view of the statement in section 3937, above, that the powers of the court of common pleas, with respect to its particular jurisdiction, shall be the same as those of the district courts, except as expressly provided otherwise, we cannot imply such an intention, and hold that the power of the court to issue execution on its judgment is abated by implication.

The result is that the court of common pleas and the district court in which the abstract of judgment is filed have concurrent powers to issue the writ. We see no evil in that situation. The statute provided that the judgment of the court of common pleas should not attach as a lien on real estate until transcript thereof was filed in district court. Sec. 3941, supra. When land is levied upon under execution out of the court of common pleas it is bound only from the time it is seized (12 O. S. 1941 § 734), unless transcript of the judgment was filed in district court. In the latter case it is bound by the lien of the judgment from the date of filing in district court.

The general rule is that unless the statutes provide otherwise, an execution may issue only out of the court rendering the judgment, and that rule applies even though transcript of such judgment has been filed in another court. Garnett v. Goldman, 39 Okla. 516, 135 P. 410. In Price v. Banes, supra, we held that the Legislature intended that in cases such as this that execution might issue out of the district court. And we now hold that the Legislature not only failed to express an intention that the court of common pleas be deprived of its power to enforce its judgments subsequent to the filing of transcripts in district court, but expressed a clear intention to the contrary.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment for defendant.

CORN, C.J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.