**HALPERIN v. COHEN et al.**

No. 796.

Municipal Court of Appeals for the District of Columbia.

Argued May 23, 1949.

Decided June 20, 1949.

Rehearing Denied July 6, 1949.

I. H. Halpern, Washington, D.C., for appellant.

Carleton U. Edwards, II, Washington, D. C., with whom Bernard Margolius, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The principal question in this appeal involves the right of the Municipal Court to entertain supplemental proceedings in aid of execution of a judgment of that court subsequent to the docketing of the judgment in the District Court. Appellees, as plaintiffs below, obtained a judgment against appellant in the Municipal Court in February 1947. After pursuing, without avail, various steps looking to execution on the judgment, they obtained an order from the Municipal Court for oral examination of the judgment debtor. One subpoena duces tecum, ordering judgment debtor to appear for oral examination, was returned unserved. A second subpoena, also requiring the production of books and records reflecting the judgment debtor's financial condition, was served, and a bench warrant was issued. Thereafter, defendant filed written motions to quash the bench warrant and the subpoena, and an oral motion was made that the Municipal Court declare itself divested of jurisdiction upon being orally informed that the judgment had been docketed in the District Court. From the orders denying these motions this appeal is taken. The record discloses that the oral examination, together with the production of certain records, has already taken place in the Municipal Court.

Appellant contends that the docketing of a Municipal Court judgment in the United States District Court for the District of Columbia (which by statute renders it of the same force and effect "for all purposes" as if it were originally a judgment of that court)[1] divests the Municipal Court of all jurisdiction over supplemental proceedings arising out of the judgment.

As a general rule, in the absence of statute to the contrary, execution should issue from the court which rendered the judgment. Appellant cites no authority except his bald statement that jurisdiction is divested notwithstanding the conclusion reached in Paley v. Solomon, D.C.D.C., 59 F.Supp. 887. In that case the District Court, by Judge McGuire, ruled that despite the docketing in that court a judgment does not lose its character as a judgment of the Municipal Court even though it also becomes a judgment of the District Court. The decision held that better practice would be to make use of the discovery procedure available in Municipal Court during the life of the judgment in that court. As stated in that case, there is no statute to the effect that Municipal Court loses jurisdiction upon the docketing of its judgment in District Court. The statute merely adds characteristics to the judgment—making it a lien upon real estate and extending its period of limitation—but it does not expressly divest the Municipal Court of jurisdiction. Holding that concurrent jurisdiction existed, the District Court refused to entertain supplemental proceedings on the ground that a more convenient forum was still available in Municipal Court.

It has been held in some jurisdictions that the filing of a transcript of judgment divests the first court of all jurisdiction over the case and the judgment so that no further proceedings for the enforcement of the judgment may be had therein.[2] But other jurisdictions hold that the first court does retain some jurisdiction.[3] These decisions rest upon statutory grounds and are

[1] Code 1940, Supp. VI, § 11—755(c).

[2] Davis v. Bank of Atkins, 205 Ark. 144, 167 S.W.2d 876; McCoy v. Hickman, 1 Terry 587, 40 Del. 587, 15 A.2d 427; Essex Inv. Co. v. Pickelsimer, 210 N.C. 541, 187 S.E. 813; State v. Ayer, 9 Wash.2d 188, 114 P.2d 168; 49 C.J.S., Judgments, § 129b. (2); 33 C.J.S., Executions, § 61b. (2) (c).

[3] Westfield Trust Co. v. Court of Com-

not controlling here. In the cases holding that jurisdiction is lost the inferior court was a justice of peace court or similar type of court with very limited functions.

■ Our Municipal Court is a court of record[4] and its judgments have full effect (except as liens on real estate) without docketing in District Court. Express power of a court of record to enforce its judgments by proper process should not be abridged by courts in absence of express or necessarily implied statutory authority.[5]

Municipal Court is given statutory authority to prescribe by rules the forms of process, writs, pleadings and motions and practice and procedure to be followed[6]— such rules to conform "as nearly as may be practicable" to the Federal Rules of Civil Procedure. It has done so. Municipal Court rule 57(a), based on F.R.C.P. rule 69(a), 28 U.S.C.A., provides: "In aid of the execution on a judgment the judgment creditor * * * may examine any person, including the judgment debtor, orally in open Court or in the manner provided in these rules for taking depositions: provided, however, that no subpoena requiring the production of papers, records, or documents at any such examination shall be issued except upon order of a judge."

■ Appellant makes the rather novel argument that such a provision—viz., for oral examination and production of records upon subpoena—is invalid. His reasoning goes something like this: Prior to the act creating the present Municipal Court no such practice existed; Congress empowered the Municipal Court to make rules as conformable as practicable with the Federal Rules; Federal Rule 69(a) prescribes that "* * * procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." Thus, he argues, since no prior local prac-

tice existed and the federal rule must conform to local practice, no local practice can exist. The obvious fallacy in this argument is apparent. Rule 69(a), F.R.C.P., in addition to the part quoted above also provides that in aid of a judgment or execution the judgment creditor may examine the judgment debtor "in the manner provided in these rules for taking depositions *or* in the manner provided by the practice of the state in which the district court is held." (Emphasis supplied). Federal Rule 26(a) provides that depositions may be taken upon oral examination or written interrogatories. It results that the Municipal Court rule is patterned closely after the Federal Rules as authorized by Congress.

■ We must hold that the Municipal Court had jurisdiction to act, and that it acted in accordance with its valid rules. The orders appealed from were entered *within its jurisdiction.* In the absence of an excess of jurisdiction by the lower court, the orders are not appealable and the appeal must be dismissed. Also, as we have stated before, the proceedings have already taken place and the question is moot. We can not decide such questions.

It is further contended that error was committed by refusing to quash the subpoena. The ground asserted is that it was "to [sic] searching and in violation of defendant's constitutional rights." It is difficult to see what relief we could afford in the present case even were we to hold that the subpoena was too broad. The examination has occurred; documents were produced. Nothing remains to be done. There is no question of prohibiting an act yet to occur.

■ A fourth question is raised regarding alleged error in proceeding after the court was informed orally that it was believed one of the plaintiffs was then dead. The point requires no discussion. Death of a party does not deprive the court of jurisdiction. Rule 23(a) (2) of the trial court allows for continuation of the action with the surviving parties.

Appeal dismissed.

mon Pleas, 115 N.J.L. 86, 178 A. 546, affirmed memo. 116 N.J.L. 191, 183 A. 165; Wolfe v. Smith, 194 Okl. 201, 148 P.2d 161.

4 Code 1940, Supp. VI, § 11—752.
5 Wolfe v. Smith, supra.
6 Code 1940, Supp. VI, § 11—756(b).