MARIO RAMIREZ v. GEORGE WILLIE RACKLEY, also known as George Willis Rackley.

162

(*December* 1, 1949.)

LAYTON, J., sitting.

*Albert L. Simon* and *James J. Walsh* for the Plaintiff.

*H. H. Ward* and *Samuel R. Russell* for the Defendant.

Superior Court for New Castle County, No. 70, March Term, 1947.

Layton, Judge.

Rule 55 (c) provides that "The court may set aside a judgment by default in accordance with Rule 60(b)." Rule 60 (b) states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Prior to the institution of the new Rules of this Court Judge Rodney's very comprehensive opinion in *Miles v. Layton*, 8 *W.W. Harr*. 411, 193 *A*. 567, 112 *A.L.R*. 786, was regarded as authoritative on the question of vacating or opening judgments. In view of Rules 55 (c) and 60 (b) this opinion is now probably valuable only as an aid in interpreting the new Rules. Whether a motion to vacate or set aside a default judgment because of lack of jurisdiction could be brought after the term next after judgment under the statute[1] is not now of great importance. It is probable that such a motion could be filed and would be considered regardless of the term, if made "without unreasonable delay." *Miles v. Layton*, 8 *W. W. Harr*. 411, 193 *A*. 567, 571, 112 *A. L. R*. 786. While Rule 60 (b) provides no time limit for moving to vacate a default judgment entered without jurisdiction, contenting itself by stating "on motion and upon such terms as are just * * *," nevertheless I take it that the framers did not intend that such motions should be entertained under the New Rules if found to have been brought after an "unreasonable delay." However, in the face of a motion alleging that the entry of the judgment in question was totally void I am inclined to view this application as timely.

▇▇ But upon examining the first reason assigned as to why the judgment is void I am inclined to the view that it is not, or at least, that the defect, if any, was not fatal and was capable of being waived. The ground alleged is that no copy of the declaration was mailed to the Defendant. By this I understand that no copy was mailed when the declaration was filed, not when the action was begun and service obtained under 4590 of the *Revised Code of* 1935, for under the practice at that time the declaration did not have to be filed until the second rule day after the day to which the process was returnable. However, the fact remains that service was made upon Defendant in exact conformity with the provisions of

---

1. This statute, Sec. 4580 Revised Code, 1935, has been superseded by the New Rules of the Superior Court,

Sec. 4590. Service made under this and similar Acts has been sustained as valid. *Webb Packing Co., v. Harmon,* 9 *W. W. Harr.* 22, 196 *A.* 158; *Hess v. Pawoski,* 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091. This Court then, had jurisdiction over the person of the Defendant and, obviously, over the subject matter of the action.

*Rule* 33 of the then *Superior Court Rules* required that a party filing a pleading should also file a copy to be mailed by the Prothonotary to the adverse party. The evident purpose of this Rule was to keep the parties informed as to the filing of pleadings so that they might not become in default. But Defendant here was not in default for failing to plead—rather for failure to appear. The relationship between the omission to mail Defendant a copy of the declaration and his failure to appear in the action is not clearly apparent. As before stated, this Court had jurisdiction of the person of the Defendant and of the cause of action. Want of jurisdiction should be distinguished from error in the exercise of jurisdiction. Assuming, arguendo, that the failure to mail Defendant a copy of the declaration constituted an irregularity, yet it was not a defect going to jurisdiction itself. If anything, it was an irregularity in the exercise of jurisdiction which was capable of being waived. In my judgment, a lapse of sixteen months in questioning such an irregularity as this constitutes an unreasonable delay in the light of the oft declared policy that there should be finality to litigation. For the reasons expressed, I decline to hold that the judgment was void because of the first reason assigned.

█ It is further contended that the judgment is void because Defendant was not the "owner" of the truck involved in the accident. Sec. 4590 requires that service may be made only upon a non-resident "owner, operator or driver." It being admitted that Defendant was not the operator or driver, if he were not the owner, it is obvious that the service of process was fatally defective and the judgment, consequently, wholly void. The defect not being ap-

parent upon the face of the record it is asked that the judgment be opened in order that testimony be taken on this question which, if a finding were made in favor of Defendant, would necessarily lead to the setting aside of the judgment. Now, it is entirely possible to imagine a situation where a Plaintiff, by misreading the license plates of the car with which he has collided, might sue the wrong non-resident Defendant—one who was not even in Delaware at the time—with the result that the service under Sec. 4590 would be defective and the judgment void. In such event I doubt, except in an extreme case, if the Defendant would be under any affirmative obligation to come to Delaware and move to set the judgment aside. But that is not the case here. This Defendant was in Delaware and was in the truck at the time of the accident. The truck was registered in his name and the registration card tacked up in the cab. The records of the State Highway Department of North Carolina reflected that Defendant was the owner of the truck. Whether or not Defendant was actually the "owner" within the meaning of 4590 of the Revised Code, he was clothed with all the indicia of ownership. He came into this State aware of the fact that he might have an accident and he should have been aware of the fact that, if he was at fault, he might be sued and served with process under the provisions of Sec. 4590. He did have an accident. The registration card showed title to be in his name, and it seems from the evidence that a police officer saw the registration card, copied it and gave the information thereon contained to Plaintiff. At any rate, the same information was available among the records of the North Carolina State Highway Department and Defendant might well have expected that Plaintiff would write and obtain this information prior to bringing suit. Plaintiff, in fact, obtained this information either from the registration card or the State Highway Department of North Carolina and relying upon it, brought suit. Defendant had full notice of the suit and, therefore, of the fact that Plaintiff was misled by the evidence of own-

ership above recited in suing him instead of Sutton (who Defendant says was the owner) or Carr, the driver. Yet Defendant did nothing. Two months after judgment Defendant was informed by letter that a judgment had been entered against him in a substantial amount.[1] He still did nothing. Now sixteen months later and the *Statute of Limitations, Rev. Code* 1935, § 5133, having run against Plaintiff's cause of action,[2] Defendant would have this Court entertain a motion to vacate the judgment. Under the circumstances recited I decline to exercise my discretion in this respect. There is, under all the facts here, unreasonable delay in the making of this application—facts, indeed, which I think create an estoppel against Defendant from raising the defense that he was not the "owner."

■ Having denied Defendant's request to set aside the judgment as void for want of jurisdiction, I am further urged to order that it be opened so that Defendant may be let into certain "meritorious" defenses. In opening the judgment Plaintiff's cause would not be completely prejudiced because of the intervention of the Statute of Limitations as would be the case if the judgment were vacated or set aside. On the other hand, Defendant's position that it be opened to let him into defenses is not nearly so compelling as if based upon the theory that the judgment was void. The decision rests upon a nice balancing of the equitable scales already decidedly weighted against Defendant by the principle that public policy demands a finality to legal proceedings. I have some sympathy for Defendant's situation advised, as he appears to have been, not to come here to defend but to ignore the Delaware proceed-

1. This letter was directed to his correct address. Defendant denies receiving it. I must assume that it was delivered to him in due course through the mails.

2. Insofar as his action for personal injuries is concerned.

ing because, in his attorney's opinion, the service was defective. I have an equal sympathy for Plaintiff's position should I let Defendant into trial. He did all that a reasonable man could do in ascertaining the proper person against who to bring suit. Nearly three years ago he brought suit prepared to present his case but Defendant would not appear. Now, nearly two years after judgment Defendant emerges and wishes to be let into trial. The defense that Defendant was not the "owner" would be raised again, together with another legal defense based upon a theory of bailment. These defenses are bottomed upon a wealth of facts indicating that one Sutton was the real owner of the truck and at the very most Defendant was a bailee. Indeed Sutton has given an affidavit admitting his ownership of the truck at the time of the accident. While all these facts were as capable of being ascertained and presented then as now, and no good reason is given why Defendant should now rather than two years ago, elect to come into this Court, yet it is significant that they were not adduced until after, rather than before, the statute ran on Plaintiff's claim with the result that if Defendant were successful in urging his legal defenses not only would Plaintiff be deprived of the right of a trial on the merits but also he could not in turn sue Sutton.

If one of two parties must suffer it should be he whose actions in the beginning created the situation. Here, this Defendant came into Delaware ostensibly the owner of the truck and armed with the indicia of ownership. This is why he was sued. This is what created the situation presented today. For this and other reasons I am of the opinion that Defendant's application to open the judgment and be let into certain meritorious defenses should be, and it hereby is, denied.