E. J. HOLLINGSWORTH COMPANY, a corporation of the State of Delaware v. ANTHONY CESARINI.

(*February* 19, 1957.)

CAREY, J., sitting.

*Bernard Hessler, Jr.,* and *Arthur J. Sullivan* (of Morris, James, Hitchens and Williams) for plaintiff.

*Clarence W. Taylor* (of Hastings, Lynch and Taylor) for defendant.

Superior Court for New Castle County, Civil Actions Nos. 1723, 1724, 1725 and 1726, May Term, 1955.

CAREY, J.:

The question presented here is whether laches in seeking relief can prevent the vacation of a default judgment which is void for lack of jurisdiction.

■ In the latter part of 1954 and the early part of 1955, the plaintiff obtained four default judgments against the defendant, rendered by a Justice of the Peace. Executions thereon were returned *"nulla bona"*. Certified transcripts were then filed with the Prothonotary, and the judgments were entered in the judgment docket of this Court, pursuant to Title 10 *Del. C.* § 9576. On their face, the transcripts fail to show that either party resided within the territorial jurisdiction of the Justice, as restricted by Title 10, § 9302. That statute declares that every judgment entered in violation of its provisions shall be void, and imposes criminal sanctions upon both the justice of the peace and the constable for knowingly violating its terms. Clearly, the judgments are void for want of jurisdiction. *Weintraub v. Rudnick,* 4 *W. W. Harr.* 111, 143 *A.* 456; *Wilmington Gas Co. v. Annest,* 7 *Boyce* 111, 103 *A.* 751.

■ The foregoing holding is not disputed by the plaintiff. Its contention is that defendant's motion should be denied because defendant waited about seventeen months before moving to vacate the judgments, and in the meantime, the statute of limitations had run upon all the claims. Citing *Miles v. Layton,* 8 *W. W. Harr.* 411, 193 *A.* 567, 112 *A. L. R.* 786, and *Ramirez v. Rackley,* 6 *Terry* 161, 70 *A.* 2d 18, plaintiff contends that relief under Superior Court Rule 60(b), *Del. C. Ann.,* may be granted only if requested without unreasonable delay. This

argument overlooks the true nature of a void judgment. Such an entry is a nullity which is subject even to collateral attack. As was said in *Frankel v. Satterfield*, 9 *Houst.* 201, 19 *A.* 898, 900:

"Where a judgment of a domestic court of record of general jurisdiction is void for want of jurisdiction apparent upon the record, it is, in legal effect, no judgment. In legal contemplation it has never had lawful existence. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are void. It cannot be the basis of an execution, or the foundation of a valid title to property purchased at a sale thereunder. No action on the part of the plaintiff, no inaction on the part of the defendant, can invest it with any of the elements of power or of vitality. It is unavailing for any purpose. It can be taken advantage of at any time, and in any court where it is offered as a conclusive adjudication between the parties; for an inspection shows that it is not such, because the court had no power, for manifest want of jurisdiction, to make an adjudication. Such a judgment, when collaterally drawn in question, may be disregarded and treated as a nullity, and need not be adjudged to be such by a formal and direct proceeding for its vacation or reversal."

A void judgment being a nullity, it cannot be made good by mere inaction or delay on the part of a litigant; defendant by his delay could not create jurisdiction any more than he could have created it by consent. It is hornbook law that lack of jurisdiction over the subject matter cannot be cured by any act of the parties. Nothing in *Miles v. Layton, supra,* disagrees with this view. The only place where the Supreme Court in that case talks about unreasonable delay is in connection with an application to *open* a default judgment for the purpose of interposing a defense. Such a motion is not used in this State for attacking a judgment void on its face; in the latter situation, the proper application is a motion to *vacate. Miles v. Layton, supra.*

■ When properly understood, the holding in the *Ramirez* case, *supra*, is likewise not inconsistent with the remarks above made. At most, the judgment there was voidable rather than void, in the true sense of those terms. This is apparent from the fact that there was nothing on the face of the record to indicate any defect in the judgment; evidence had to be received in order to discover the alleged defect. It is true that the Court (apparently adopting counsel's terminology) used the word "void", but this term was obviously used loosely, as frequently happens in common parlance. See *Black's Law Dictionary* 1822. A voidable judgment is, of course, deemed valid until set aside; one which is void cannot be made good. When this distinction is recognized and applied to the facts of the *Ramirez* case, that decision is clear. It means, that if a judgment is merely voidable, a defendant by his unreasonable delay in attacking the judgment is deemed to have recognized its validity or is estopped from questioning it; and further, that the Court has discretion as to the granting of relief. On the other hand, if a judgment is utterly void on its face for lack of jurisdiction, this reasoning cannot be applied.

■ Rule 60(b) could not have been intended to create a jurisdiction which does not exist. 7 *Moore's Federal Practice* (2d ed.) 274; *Brenner v. Margolies, D. C. Mun. App.*, 102 *A.* 2d 300. Even if it had been so intended, then the rule itself would be invalid; this Court cannot by rule confer jurisdiction upon an inferior Court which is not included in our Constitution or statutes, especially one which the Legislature has expressly forbidden that inferior Court to exercise under penalty of a fine.

Defendant's motion must be granted.