**HUSBAND (G.T.B.), Plaintiff Below, Appellant,**

**v.**

**WIFE (G.R.), Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 20, 1980.

Decided Dec. 11, 1980.

James T. Vaughn, Jr. (argued) of Vaughn & Vaughn, Dover, for plaintiff below, appellant.

Andrew T. Semmelman, Deputy Atty. Gen. (argued), Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

In March, 1979, the appellant, plaintiff-below, filed an action to vacate a 1969 Delaware adoption decree. In response, the appellee-defendant, the natural mother of the appellant's adopted child (hereinafter "the child"), filed a motion for summary judgment on the basis that the statute of limitations period for such action had passed. The Trial Court granted the motion, and this appeal ensued.

The plaintiff contends the Trial Court erred in granting summary judgment and raises three arguments in support of his position. First, he argues that the statute

was not intended to apply to actions such as this. Second, he claims that his allegations of fraud, if proved, bring the case within an exception to the statute of limitations. Third, he contends that the judgment granting the adoption decree was void and therefore, not subject to the statute of limitations. We find these arguments unpersuasive, and we affirm the judgment below.

## I

The essential facts are not disputed:

In 1963, the defendant and the child's natural father were married. The child was born of this marriage in 1965. The child's natural parents were divorced in 1968. However, at the time of the divorce, neither parent was domiciled or present in the Republic of Mexico where the divorce was rendered. Consequently, the Mexican court acted without jurisdiction and the divorce decree was void. Shortly after entry of the Mexican decree, the defendant and the plaintiff were married. In 1969, the plaintiff adopted the defendant's child in a Delaware proceeding.

By 1974 at the latest, the plaintiff had become aware of the facts concerning the Mexican divorce and, therefore, knew that his marriage to the defendant was not valid. While residing in Michigan in 1974, the plaintiff had his marriage to the defendant annulled on the basis of these facts. In 1975, the defendant obtained a lawful divorce from her first husband, the child's natural father. In 1979, the plaintiff filed this action to vacate the 1969 adoption decree on the grounds of underlying fraud and mistake, contending that the Delaware decree was based on the faulty premise that the plaintiff and the defendant were legally married at the time of the adoption. Relying on 13 *Del.C.* § 918, the Trial Court ruled that the 1979 action to vacate the 1969 adoption decree was time-barred; therefore, the defense motion for summary judgment was granted.

## II

■ Section 918 of Title 13 provides:

"Upon the expiration of 2 years from the date of the entry of the decree of adoption, any irregularities in the proceedings shall be deemed cured, and the validity of such decree shall not thereafter be subject to attack either through collateral or direct proceedings."

The Trial Court correctly recognized that it generally has the power to vacate an adoption decree on the grounds of fraud. See *In re Adoption of Doe*, Del.Orph., 197 A.2d 469 (1964), *aff'd*, Del.Supr., 210 A.2d 863 (1964). The Trial Court further opined that mistake in the granting of an adoption decree should be a basis for relief therefrom, citing Annot., 2 A.L.R.2d 887, § 7 (1948). However, the Trial Court also recognized that the necessity for finality of adoption decrees has led our Legislature to enact a relatively short two-year limitation period, in the form of § 918, for actions attacking such decrees.

■ Turning now to the plaintiff's first argument, we reject the claim that § 918 was not intended to apply to this action. The statute is clear and unambiguous on its face and applies by its terms to any action, direct or collateral, attacking the validity of an adoption decree. This is just such an action, and we hold that the statute was intended to and does apply to this case.

## III

■ We also reject the plaintiff's second argument. At the very latest, by 1974 the plaintiff had become aware of the facts constituting the alleged fraud upon which his petition to vacate the adoption decree is based. However, the instant action was not filed until 1979. Statutes of Limitation are intended to exact diligence in the prosecution of litigants' claims. *Bovay v. H. M. Byllesby & Co.*, Del.Ch., 29 A.2d 801, 804 (1943). Assuming, *arguendo*, the facts upon which the plaintiff relies constitute a fraudulent concealment of his cause of action, and assuming further that the doctrine of fraudulent concealment is applicable to the instant statute, such fraud would only serve to toll the running of the limitation period until such time as the

plaintiff's rights were or should have been discovered by the exercise of reasonable diligence. See *Church of Religious Science v. Fox*, Del.Supr., 266 A.2d 881, 885 (1970). Consequently, this theory does not aid the plaintiff, since he would thereby have had only until 1976 at the latest to file this action.

### IV

 As for the plaintiff's final argument, we recognize that a void judgment, as distinguished from a voidable judgment, may be collaterally attacked at any time regardless of the running of an otherwise applicable statute of limitations. See *E. J. Hollingsworth Co. v. Cesarini*, Del.Super., 11 Terry 307, 129 A.2d 768 (1957). The plaintiff argues that the court which granted the adoption had no jurisdiction to do so and, therefore, the judgment entering the adoption decree was void. This argument is based on the language of 13 *Del.C.* § 904, which provides in pertinent part:

> "No petition for adoption shall be presented unless prior to the filing of the petition the child sought to be adopted has been placed for adoption by an authorized agency or by the Department of Health and Social Services, but, no such placement shall be necessary in the case of:
>
> (1) A child sought to be adopted by a stepparent...."

There was no placement of the child prior to the filing of the adoption petition in 1969, because at that time the parties believed that the plaintiff was legally the child's stepparent. The plaintiff argues that this defect was jurisdictional in nature and deprived the adoption court of the power to grant the petition. We disagree.

 In the *Cesarini* case, *supra*, the statute there expressly provided "that every judgment entered in violation of its provisions shall be void ...." 129 A.2d at 768. In this case, neither § 904 nor any related statutory provision contains similar language. Under these circumstances, we do not view the prior placement provision as an absolute jurisdictional prerequisite to the court's power to entertain an adoption petition. Although an adoption decree entered without such a prior placement may, in a proper case, render the decree voidable in a collateral action filed within the two year limitation period, such a defect in the adoption proceedings is, in our opinion, an "irregularity" which is deemed to have been cured after the § 918 period has expired. That being the case here, the Trial Court did not err in holding the instant action to be time-barred under § 918.

AFFIRMED.